MOSELY & WIFE to use of BEACH & EDDY appellants, vs. HUNTER, respondent,

1. The words "grant, bargain and sell," when used in a deed made in Illinois to convey land in that State, are to be held to contain express covenants, "that the grantor is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered by the grantor, as also for quiet enjoyment against the grantor, his heirs and assigns." Such is the effect of the statute of Illinois.

2. For the breach of the statutory covenants, the recovery can only be for nominal damages, unless there has been an execution. 10 Mo. Rep. 467 12 ib 344.

3. In an action for a breach of covenant against incumbrances, it is competent for the plaintiff to introduce and use as evidence any facts down to the time of the trial of the cause, to show the extent to which he is injured by the breach of covenant.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

The appellants on the 18th of August, 1848, instituted a suit in covenant, at the September Term of the St. Louis court of common pleas, and declared on a deed made by the appellee, dated May 2d 1846 to Ann M. Mosely, one of the plaintiffs.

The deed was made in the State of Illinois, conveying for the consideration of $1900, the following described land, situate in Illinois: South half section three township six north range 8 west of four meridian, three hundred and twenty fifty-nine one hundredth acres; also ten acres, part of south west quarter, section twenty-eight, township seven north range eight, W. & C.

The deed contained the words "grant, bargain and sell," and also a covenant of warranty.

The statutes of Illinois to-wit, section 11 Ch. 24 of the Rev. Statutes of Illinois, approved March 3d, 1845, and in force at the time said deed was made, was set out in the plaintiffs' declaration, as follows: "All deeds, whereby any estate of inheritance, in fee simple shall hereafter be limited to the grantee and his heirs or other legal representatives, the words "grant, bargain and sell" shall be adjudged an express covenant to the grantee, his heirs or other legal representatives, to-wit: that the grantor was seized of indefeasible estate in fee simple, free from incumbrances, done or suffered from the grantor, except the rents, services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed. And the grantee, his administrators, executors and assigns may, in any action assign breaches as if such covenants were expi  s-

ly inserted, provided always, that this law shall not extend to leases at rackrent, or leases not exceeding one and twenty years, where the actual possession goes with the lease."

The breaches assigned in the plaintiffs' declaration are :

1. That the defendant was not seized, at the date of said deed, of an indefeasible estate in fee simple in the lands conveyed.

2. That the said lands and premises were not free, at the date of said deed, from incumbrances done or suffered by defendant.

The particulars averred, to sustain the second breach assigned, were, that part of said lands and premises, conveyed by said deed, viz. South half section three township six north range eight west, 320 acres, were, at the date thereof, incumbered by an attachment levied thereon, which attachment was sued out of the Hancock circuit court in the State of Illinois, in a certain suit instituted on the 11th day of June A. D. 1845, by John F. Olney against said defendant and others, and which attachment was levied on said lands on the 27th day of January, 1846. Afterwards, in due course of law, judgment was rendered in the said Hancock circuit court, in said suit, in favor of said Olney and against said defendants, Hunter and others, at the May Term thereof 1846, and a special *fi. fa.* awarded in conformity with the laws and statutes of that State.

In virtue of said special *fi. fa.*, the sheriff of Hancock county sold the said lands so attached as aforesaid, to William L. Hamilton on the 31st of October, 1846, and issued his certificate to the purchaser.

At the time of filing the declaration and affidavit in this suit, in the St. Louis court of common pleas, an attachment was issued, and the effects of the defendant, Hunter, were levied upon under it.

At the return term, the defendant, Hunter, plead generally to the plaintiff's declaration, defending the demand of the plaintiff, in the words then authorized by statute.

The issues were tried at the February Term 1851, of the common pleas, by the court, neither party requiring a jury.

At the trial, the plaintiffs gave in evidence the deed of the defendant, conveying the lands, and containing the covenants mentioned in the plaintiff's declaration.

The plaintiffs also gave in evidence the statute laws of Illinois, which by agreement of counsel, are to be read from the published statutes, without being copied into the record. It was stipulated by the attorneys that the whole of the testimony, offered by the plaintiffs, should be read and given in evidence, the defendant reserving the right to object to any of it for incompetency or irrelevancy.

Under this stipulation, the plaintiffs gave in evidence a transcript of the record and pleadings, duly authenticated, of the suit by attachment in the Hancock circuit court, in the State of Illinois, wherein John F. Olney was plaintiff and Edward Hunter and others were defendants. This transcript shows, that the said suit was instituted, June 11th, 1845 and the attachment levied on part of the lands described in the defendant's deed, viz. on south half sec. three township six north range eight west, 320 acres, on the 27th January, 1846. The transcript also shows the rendition of a judgment in said suit in said court, at the May Term thereof 1846, in favor of plaintiff against defendant and others, for $110, and the awarding of a special *fi. fa.* for the sale of said lands. It also shows that said lands were sold by the sheriff of Hancock county, under said *fi. fa.*, on 31st of October, 1846, as follows: The south half of section three township six north range eight west, was sold to William L. Hamilton.

The plaintiffs also gave in evidence the deposition of D. E. Head, who testified that he was, at the time of testifying, clerk of the Hancock circuit court, Illinois, and had been such clerk since 1844; that he became recorder of deeds in Hancock county in 1849, and had been such recorder ever since, and was such at the time of testifiying.

This witness testified in substance, that he knew the lands described in the defendant's deed and that he had examined the records of the recorder's office of Hancock county (where the title deeds of lands in that county required to be recorded) for the purpose of ascertaining

Mosley and wife vs. Hunter,

the interest or title of Edward Hunter (the defendant) in said lands, and the witness annexed to his deposition, a written abstract of the title to said lands, duly attested by him, under the seal of his office.

From this transcript made by the said recorder, D. E. Head, and annexed to his deposition as aforesaid, there does not appear any conveyance or conveyances from the patentees of said lands, under the government of the United States, to said defendant Hunter, or to any party under whom he claims.

The said witness also annexed to his deposition abstracts from the records of Hancock county, duly attested, of tax sales of lands in said county, from which abstracts, it appears that all the said lands, described in defendant's deed, had been sold for taxes assessed thereon, and which sales were prior to 1840. The said abstracts show the description of the land; the year for which the taxes were assessed; the amount of the tax and to whom sold, in parallel columns. No evidence, except the statute laws of Illinois, was offered in connexion with these abstracts, to show that the proceedings, preliminary to said tax sales, were regular and made in conformity with the laws of Illinois.

The plaintiffs also gave in evidence, a transcript or copy from the records of said Hancock county, of a deed made by the sheriff of said county to William L. Hamilton for the said south half of section three, township six, north range eight, west of fourth meridian, being three hundred and twenty acres, which deed is dated March 24th, 1848. It recites the sale of the said half section of land to said Hamilton on 31st of October, 1846, under the said special fi. fa. issued under the judgment in the suit of John F. Olney vs Hunter and others, before mentioned; which deed was duly acknowledged and recorded in the said county, and said transcript or copy is duly certified by the recorder under his seal and duly exemplified.

The plaintiffs also gave in evidence a certificate of said sale made by said sheriff in conformity with the laws of Illinois, and which certificate recites said judgment, fi. fa. and sale to said Hamilton, and that he would be entitled to a deed for said lands in fifteen months from the date of said sale, unless said lands were sooner redeemed. The certificate is dated October 31st 1846, and the copy read in evidence is duly authenticated.

The plaintiffs also read in evidence a transcript of the record and proceedings of a suit in the circuit court of Hancock county, Illinois, wherein William L. Hamilton was plaintiff and George W. Mosely and Ann M. his wife, (the plaintiffs in this suit) were defendants; which suit was in ejectment to recover possession of the south half of section three, township six, north range eight, west of fourth meridian, and which suit was commenced April 17th, 1848.

This transcript shows that such proceedings were had in said county in said cause; that at the September term, 1848, thereof, the plaintiff recovered judgment against Mosley and wife, and on the 14th February 1849 took execution thereon and ejected said Mosely and wife from said premises.

All of the foregoing transcripts or copies from the recorder in Illinois appear to be duly exemplified in conformity to the acts of Congress providing for the exemplification of records, &c.

The plaintiff also gave in evidence the following patents, issued by the government of the United States, to-wit: One dated February 14th, 1818, issued to Zachariah Stoddard for the south-west quarter, section three, township six, north range, eight west in the tract appropriated for military bounties in the territory of Illinois; one dated February 4th, 1818, issued to John Story for south-east quarter of section three, township six, north range, eight west, in the tract appropriated for military bounties in the territory of Illinois; and one dated July 1st, 1818, issued to Walter H. Dunbar, for south-west quarter of section twenty-eight, township seven, north range, eight west, in the tract appropriated for military bounties in the territory of Illinois.

The plaintiffs also read in evidence two auditor's deeds, purporting to be executed by the Auditor of the State of Illinois, under his hand and seal of office; the hand-writing of said Auditor having been first proved, and are as follows, viz: One made by E. C. Berry, Auditor of the State of Illinois, dated 8th of April 1830, which deed recites that on the 15th day of

Mosley and wife vs. Hunter.

January 1828, the said Auditor, in conformity with all the requirements of the several acts in such cases made and provided, exposed to sale the south-west quarter of section three, township six, north range, eight west of fourth meridian, for the tax assessed thereon for the year 1827, being for the sum of $3 84, and that Benjamin Mills became the purchaser of said tract of land, and said deed purported to convey said tract to said Mills in pursuance of said Auditor's sale.

The other deed was made by J. T. B. Stoops, Auditor of Illinois, dated January 15th 1835, and which deed recites that on the 12th day of January 1833, in conformity with all the requisitions of the several acts, in such cases made and provided, the said Auditor exposed to sale the south-east quarter of section three, township six, north range, eight west of fourth meridian, for $2 62, being the tax assessed upon said tract for the year 1832, and that R. H. Peebles became the purchaser at such sale. The deed, in pursuance of said sale, conveys to said Peebles the said tract of land.

The plaintiff gave in evidence the statute laws of Illinois in regard to the levying and assessing of taxes and the sale of lands for non-payment of taxes, which several statutes, by agreement of council, may be read in evidence in the supreme court from the published volumes, without being inserted in the record.

No evidence was offered in defence of the said Auditor's deeds, except the statute of Illinois, to show what proceedings had been had preliminary to said Auditor's sale.

This was all the evidence in the case. The defendant then objected to all the said records, deeds and other papers offered in evidence by the plaintiffs as incompetent and irrelevant, but the court overruled the said objection as to all except the two Auditor's deeds and the transcript of the record of the suit in ejectment in Illinois brought by William L. Hamilton against Mosley and wife, which two deeds and transcript, last named, the court excluded from its consideration, to which opinion of the court the plaintiffs excepted.

The plaintiffs then asked the following instructions: "If the court shall believe from the evidence, that the defendant, at the time he made his deed read in evidence, dated May 2d, 1846, had no title to the lands and premises described in the said deed, than the plaintiffs are entitled to recover in this action for the breach of the defendant's covenant of seizin in said deed, and the measure of damages is, the consideration money mentioned in said deed and interest thereon from the date thereof to the present."

"If the court shall believe from the evidence that the deed offered in evidence, dated 2d May 1846, was made by the defendant, and that the statute laws of Illinois, at the date of said deed, contained provisions as stated in the plaintiffs declaration, then the defendant covenanted by his said deed that he was seized of an indefeasible estate in fee simple in the said lands and premises mentioned in said deed, and if the court shall also believe from the evidence that the defendant had no title to the said lands and premises at the date of said deed, then his said covenant is broken, and the plaintiffs are entitled to recover in this action against the defendant the amount of the consideration mentioned in said deed, and interest thereon to the present."

The court refused these instructions, and the plaintiffs excepted.

The plaintiffs also asked the following instruction, which the court allowed:

"If the court shall believe from the evidence, that the government of the United States prior to the date of the deed of the defendant, read in evidence and dated May 2d, 1846, sold or conveyed the lands and premises, mentioned in said deed, to the persons mentioned in the patents read in evidence, and if the defendant has not shown, in evidence, that he was the owner of the said lands and premises mentioned in said deed, at the date thereof, then the plaintiffs are entitled to recover in this action under the count in the declaration for the breach of the covenant of seizin."

The defendant asked the following instructions:

1. "The defendant prays the court to declare the law to be, that under the evidence, the plaintiffs are not entitled to recover in this cause.

2. "That unless the plaintiffs have shown evidence that the grantee, or some person hold-

ing under him, named in the deed, had been evicted prior to the institution of this suit, the plaintiffs cannot recover.

•"The plaintiffs are not entitled, under the evidence in this case, to recover any greater sum than the amount paid by them to discharge the alleged attachment."

These instructions the court refused, and defendant excepted.

The court then, on its own motion, declared the law as follows:

That the deed, dated May 2d, 1846, signed by Edward Hunter and Ann his wife, contains the covenants set out in the plaintiffs' declaration; that the burthen of proving that the defendant was seized of an indefeasible estate in fee simple at the date of said deed, is upon the defendant; and that the burthen of proving that there was an incumbrance done or suffered by the grantor, is upon the plaintiffs. That the breach of the covenant, that the grantor was seized of an indefeasible estate in fee simple, when the grantor never obtains possession in consequence of an adverse possession under an outstanding title, or when the grantee obtains possession and is evicted under an adverse paramount title, entitles the grantee to recover the consideration money with interest.

If the grantee was in possession at the date of the deed, and the grantee was put in possession under the deed and remained in possession, or there had been no eviction at the time of suit brought for a breach of the covenant of seizure of an indefeasible estate in fee simple, the damages are only nominal.

That for a breach of the covenant against incumbrances, the grantor is entitled to recover only the amount of the incumbrances which he proves.

That the Auditor's deeds are not evidence until it is proved that the preliminary acts to make the lands liable to be sold for taxes, have been performed.

That so much of the transcript of the reward of the suit in Illinois, entitled Hamilton vs. Mosley, as relates to what was done in said suit after this action was brought by Mosley, &c., vs. Hamilton, is not evidence in this case.

The plaintiff, to the opinion of the court for declaring the law as aforesaid, duly excepted.

The court then found a verdict for the plaintiffs for $153 43 principle, and $22 63 interest, making the total damages of the plaintiffs for the breaches of the covenants alleged, the sum of $176 06, and gave judgment accordingly.

The plaintiffs in proper time, filed their motion for a new trial, for the following reasons:

1. Because the court erred in excluding legal and competent testimony offered by the plaintiffs.

2. Because the court erred in overruling instructions asked by the plaintiffs.

3. Because the court erred in giving instructions asked by the defendant.

4. Because the court erred in declaring the law upon the facts in the case.

5. Because the finding of the court is against the evidence and weight of evidence.

6. Because the court erred in declaring what is the rule or measure of damages to which the plaintiffs are entitled upon the facts given in evidence in the case.

This motion the court overruled, and the plaintiffs excepted, and bring the case to this court by appeal.

TODD & KRUM, for appellants.

I. As to the covenant of seizin, it was sufficient for the plaintiffs in their declaration, to negative the terms of the covenant, and the burden of proof rested on the defendant to show that he was seized of an indefeasible estate in fee simple in the lands mentioned in his deed: 14 J. R. 278, and cases there cited.

II. The court below erred in excluding so much of the record and proceedings in the suit of Hamilton vs. Mosely and wife (the plaintiffs) as relates to the actual eviction of the plaintiffs from the lands described in the defendant's deed under the judgment in said suit in the Hancock circuit court.

Mosely and wife vs. Hunter.

That part of the record in that suit was excluded on the ground, as is stated in the judge's opinion, that the eviction of the plaintiffs was subsequent to the institution of this suit.

It is true, the transcript does not show that the writ of possession and the eviction under it were subsequent to the bringing of this suit, but the said suit in ejectment against the plaintiffs was instituted long before, and terminated in a judgment and writ of possession.

The effect of that proceeding was to absorb or rather to defeat the possession which the plaintiffs acquired under defendant's deed.

Therefore, the evidence thus rejected, was competent upon the question of damages. The effect of the suit in ejectment, was like the case of an antecedent mortgage, which, on foreclosure, absorbs the whole premises. It is tantamount to an eviction. The lands became lost to the plaintiffs.

The plaintiffs right of action did not depend on an eviction. Suppose after action brought for a breach of the covenant of seizin, the defendant should acquire an indefeasible estate and plead and prove it, would it not be available to him to reduce the plaintiffs damages to a nominal sum? Surely no one will deny this. Why then may not the plaintiffs show any fact which has arisen since bringing his suit, which tends to aggravate his damages?

The principle is the same in either case. The plaintiff should be indemnified for his loss— nothing more. To that extent the defendant should be required to respond in damages: 4 Holstend 139. .

III. The court below erred in excluding the auditor's deeds, which were offered in evidence by the plaintiffs. Preliminary to offering those deeds, the statutes of Illinois were read in evidence.

The ground of objection appears to be, that no evidence was offered to show that the prerequisites to an auditor's sale had been performed.

Was this necessary? For the purpose for which these deeds were offered in evidence, it was not necessary to show any thing more than the statutes which authorize the deeds and make the recitals in them prima facie proof of the facts recited: Rev. Laws Ills. 1833, sec. 1 pages 513, 526; 1 Gilmans Rep. 160; 2 Ibid. 271.

IV. The court below erred in overruling instructions asked by the plaintiffs upon the facts in this case.

The evidence shows that there was an entire want of seizin of the lands in question, in the defendant at the time he made his deed and no title passed to the plaintiffs. The title was outstanding at the time, as is abundantly shown by the evidence.

The evidence also shows, beyond cavil, that the plaintiffs had been disturbed in their possession of the lands before this suit was brought, and ultimately and before the trial in this case, they were deprived of their possession by legal measures.

The rule of damages asserted in the instructions overruled, were correct in view of the facts in this case.

As we understand it, the principle which pervades the whole course of judicial decisions, upon the rule and measure of damages for breaches of covenants of this sort, is, that if there be a disturbance in, or a deprivation or cessation of the possession, by reason of the prosecution and operation of legal measures,—to allow, as damages the consideration money and interest.

The instructions asked by the plaintiffs and overruled by the court below, were founded in this principle and assert nothing beyond it: 4 Conn. Rep. 495.

V. The court below erred in declaring the law on its own motion, upon the facts of this case. The rule laid down by the court goes to the extent that in an action for a breach or the covenant of seizin, the damages must be nominal in all cases unless an actual eviction before suit brought, is shown in evidence.

This is manifestly wrong: it precludes every thing that may arise after suit, which may tend to aggravate the damages on the one hand and mitigate them on the other. This ruling is not supported by the adjudged cases, and is as unjust as it is unsound.

What is the case made by the evidence? It is briefly this: the plaintiffs showed an outstanding valid title, paramount to that derived from the defendant; that this title had already, at the time of bringing this suit, given rise to an action for the possession of the land, and by which action

---

Mosely and wife vs. Hunter.

---

the plaintiffs must inevitably lose their possession, and ultimately and before the trial in this case, did lose it.

Now will it be said, on such a state of facts, that the plaintiffs can have only nominal damages unless they lie by and wait for an eviction, before bringing suit for a breach of the covenant of seizin?

Surely such a rule would impose hardships upon the plaintiffs and expose them to evils which a wise and just jurisprudence should not countenance. On the one hand the plaintiffs must not consent to be dispossessed nor yield their possession by collision,—nor voluntarily abandon it; on the other, the defendant (the grantor) may become insolvent and the real owner of the fee may claim mesne profits of the grantee.

There is no mutuality in a contract which entails such hardships upon one of the contracting parties: 8 Mass. Rep. 262.

For these reasons the judgment should be reversed.

HUDSON, for defendant in error,

Relies upon the following points and authorities:

1. The court below correctly determined the measure of damages in this case, there was no proof showing an eviction or paramount title. The only breach of the covenants in the deed was the existence of an attachment at the date of the conveyance. The court allowed the plaintiffs the full amount of the incumbrance and interest. This was all they had any right to demand. See Collier vs. Gamble, 10 Mo. R. 467; Shelton vs. Pease, Ibid. 474; Watkins vs. Bicher, 13 Mo. Rep.; Rus vs. Smith's ex'r. 12 Mo. Rep. 344.

2. The court below did right in excluding the deeds of the auditor of the State of Illinois. It is well established, that when a party relies on such deeds, it is incumbent on him to show, that the lands are liable to be sold, and the performance by him, of all the preliminary acts required by law: See 4 Scam. Rep. 140.

GAMBLE, J., delivered the opinion of the court.

The words "grant, bargain and sell," when used in a deed made in Illinois to convey land in that State, are to be held to contain express covenants, "that the grantor is seized of an indefeasible estate in fee simple, free from incumbrances done or suffered by the grantor, as also for quiet enjoyment against the grantor, his heirs and assigns." Such is the effect of their statute.

In this case breaches are assigned, of each clause of the first covenant, by alleging that Hunter was not seized of an indefeasible estate in fee simple and that the land, at the date of the deed, was subject to the incumbrance of an attachment previously levied upon it as the property of Hunter.

To sustain the first breach, the plaintiff gave in evidence certain documents to prove outstanding titles under the revenue laws of Illinois, at the time the deed by Hunter was made. The proceedings under the revenue laws of that State resulted in two deeds made by auditors of the State; one to Benjamin Mills, the other to R. H. Peebles. These

deeds, as well as all the evidence offered by the plaintiffs, were at first admitted by consent, subject to objections to be afterwards made by defendant's consent, and upon such subsequent objections, the deeds were excluded from the consideration of the court, sitting as a jury. Upon the first breach, there were also read in evidence by the plaintiff, two patents from the United States, dated on the 14th day of February, 1818, to the soldiers to whom the land was originally granted by the government (it being within the district of bounty lands,) and then gave evidence for the purpose of showing that there were no deeds on record from the original patentees.

It appeared in evidence that the plaintiffs went into possession under the deed from Hunter, which is the foundation of this action, and there was no evidence that they had ever been disturbed in that possession by any person claiming title to the land, either under the deeds made by the auditors of the State, or under the title supposed still to exist in the original patentees or their representatives. As the plaintiffs have recovered in the court below more than nominal damages, and as this court has held in the case of Collier vs. Gamble, 10 Mo. Rep. 467; Rees vs. Smith's ex'r, 12 Mo. Rep. 344, that for the breach of similar statutory covenants, the recovery could only be for nominal damages, unless there was an eviction, there is nothing in the action of the court below in rejecting these deeds, which furnishes a ground for the reversal of the judgment.

To sustain the breach on the latter clause of the covenant charging the existence of an incumbrance by an attachment at the time the defendant made the conveyance, the record from Illinois was read, showing the attachment for the sum of $110, levied upon the land, the judgment, *scirie facias* and sheriff's sale of the property conveyed. A certificate was given to the purchaser, and afterwards a sheriff's deed was made to him, the consideration being five dollars, the amount bid at the sale.

A transcript of the record, in an action of ejectment, commenced by the purchaser at the sheriff's sale against the plaintiff, to recover possession of the land, was at first admitted in evidence. This transcript showed, that the action of ejectment was commenced before this suit was brought, but that during the pending of this suit the action of ejectment was determined, and resulted in a recovery by the purchaser at the sheriff's sale and an eviction of the plaintiff in this suit. The court below, on motion, excluded all of said record that showed facts occurring after the commencement of this suit.

The only purpose for which this record was admissible at all, was to

trace the operation of the incumbrance, existing at the time the defendant conveyed the property, to its ultimate consequence in the loss of the property to the plaintiff.

The breach of the defendant's contract consisted in the existence of an incumbrance at the time he made his deed containing a covenant against incumbrances, and it was competent for the plaintiff to introduce and use evidence of any facts down to the time of the trial of the cause, to show the extent to which he was injured by the defendant's breach of contract.    In  Brooks  vs.  Moody, 20  Pickering,   475, Chief Justice Shaw says: "The question then is, whether in an action for breach of covenant against incumbrances, a plaintiff may recover in damages, the amount fairly and justly paid for the removal of such incumbrances, if so paid after the action is commenced, and the court are of opinion that he may.   The legal ground of action is, not the debt or obligation to pay money, but the breach of the defendant's covenant. This was broken when the action was commenced, and it is not denied that the plaintiff can maintain the action and as a necessary inducement can recover some damages.   The reason why the covenantee cannot recover full damages without extinguishing the incumbrance, are, first, because he may never be disturbed by the outstanding incumbrance; and secondly, because the defendant, after paying the amount on his covenant, might still be called on by the person holding the outstanding mortgage, on his personal obligation and so might be twice charged. But both these reasons are obviated when the mortgage has been taken up or extinguished by the plaintiff before the assessment of damages."

The same doctrine is maintained in Kelly vs. Lord, 18 Maine, 244; Leffingwell et al. vs. Elliott, 10 Pick. 204.   In Wilcox vs. The executors of Plummer, 4 Peters 182, the Supreme Court of the United States say: "When the attorney was chargable with negligence or unskilfulness, his contract was violated, and the action might have been sustained immediately.   Perhaps in that event, no more than nominal damages may be proved and no more recovered; but on the other hand it is perfectly clear, that the proof of actual damages may extend to facts that occur and grow out of the injury, even up to the day of the verdict."

We approve the doctrine maintained in these cases, as consonant with the rules of law and the dictates of sound reason.   The plaintiffs were entitled to their action as soon as the covenant against incumbrances was made, if a valid incumbrance then existed, and if pending such action the incumbrance had ripened into an adverse and superior title and an eviction under it had taken place, there would be no propriety

in preventing them from tracing the breach of the defendant's contract to its ultimate effect, although it occurred after suit was brought on the covenant.

The conrt of common pleas, therefore, erred in excluding so much of the record in the case of Hamilton against the plaintiff as stated facts occurring after the commencement of this suit    This conclusion is attained however, without any labored comparison of the tile of Hamilton with the statutes of Illinois, under which his title was consummated. The attention of the court has not been called to any alleged defects in that title, and therefore its legal sufficiency is not passed upon in this case.

The judgment of the court of common pleas is reversed, and the cause remanded for further proceedings.