## DONNELL *vs.* THOMPSON.

A. holding a farm under a deed of warranty from B. was sued by C. to recover her dower therein ; and during the pendency of her suit, A. sued B. on the covenant in his deed *against incumbrances,* and had judgment for *nominal damages.* After C's recovery, and the extinguishment of her right of dower by purchase by A. he brought another action against B. on the covenant of *warranty. Held,* that the former judgment was no bar to a recovery in the latter suit.

THIS action while pending in the Court of Common Pleas was submitted to the Reporter as referee. In the award certain questions of law were left open for the decision of the Court, and upon such decision being had, the case was brought to this Court, by appeal. The parties here, agreed to the report as a true statement of the *facts* in the case, and submitted the questions raised therein to the decision of the Court. The report of the referee was as follows :

" This action is brought to recover damages for the breach

Donnell *v.* Thompson.

of the covenant *against incumbrances*, and the covenant of *warranty*, in a warranty deed drawn in the usual form, by which the defendant conveyed to the plaintiff a certain farm in *Buxton*, for the expressed consideration of two thousand dollars. On the part of the plaintiff, it appeared in evidence that after the conveyance, one *Esther Thompson* commenced an action against the present plaintiff to recover her dower in the premises conveyed, and though her claim was contested, yet at the *April* term of the Supreme Judicial Court, 1828, judgment was rendered that she recover her dower and eighty dollars and thirty-nine cents damages and costs. The execution thereon issued was not levied or satisfied by an assignment of dower, the parties having effected a compromise by which the present plaintiff paid the said *Esther* in lieu of dower, in money, and the granting of certain privileges, what may be estimated at $105. After which judgment and compromise, this action was commenced.

"On the part of the defendant it was shown, that after the commencement of said suit by *Esther Thompson*, but before the compromise and extinguishment of the right of dower aforesaid, the present plaintiff commenced an action against the present defendant to recover damages for a breach of the *covenant against incumbrances* in the deed aforesaid, alleging as a breach, the then existing right of the said *Esther Thompson* to dower, and the commencement of a suit by her for the recovery of the same; in which suit the present plaintiff recovered against the present defendant, one dollar damages, and costs of suit taxed at $39,30, which were satisfied by a levy upon the defendant's real estate; and this former recovery, judgment and satisfaction, the defendant pleaded, and insisted on, as a b r to a recovery in this suit.

"Several witnesses were also introduced on the part of the defendant, from whose testimony it appeared;—that, the parties at the time of said conveyance were, and for many years before had been, near neighbors, the said *Esther Thompson* living with her son the defendant on the farm conveyed, and in which she claimed a right of dower. It further appeared that, before, and at the time of the passing of the deed aforesaid,

Donnell *v.* Thompson.

the incumbrance of the widow's right of dower in the premises was the subject of conversation between the parties in this suit, and the right distinctly admitted by both ; the plaintiff declaring that he would never call on the defendant " on account of " the old lady's share or claim in the farm." It also appeared that on several occasions afterward, the plaintiff expressly recognised this agreement, if it may be called one ; and repeated the declaration of his intention not to call on the defendant for any damages in regard to said right of dower. All this testimony was objected to by the plaintiff as inadmissible.

" The question as to its admissibility, and also whether the former recovery constituted a legal bar to the maintenance of this action were submitted by the referee to the decision of the Court. If these should be ruled in favour of the plaintiff, then the award was, that he should recover the sum of $105 damages, costs of reference taxed at $11,50, and costs of Court. If the former recovery was no bar, but yet the parol evidence was legally admissible, then the damages were to be one dollar only and costs. But if the former recovery was held to be a bar, then judgment was to go for the defendant for costs."

*D. Goodenow,* for the plaintiff, to the point that the parol evidence was inadmissible, cited *Linscott v. Fernald,* 5 *Greenl.* 496 ; 1 *Phillips' Ev.* 480 ; *Emery v. Chase,* 5 *Greenl.* 234 ; *Hale v. Jewell,* 7 *Greenl.* 436 ; *Kimball v. Morrill,* 4 *Greenl.* 368 ; *Richardson v. Field,* 6 *Greenl.* 37.

2. That the former judgment is not a bar. *Wyman v. Bullard,* 12 *Mass.* 304 ; *Outram v. Morewood,* 3 *East,* 346 ; *Emerson v. Proprietors of land in Minot,* 1 *Mass.* 464 ; *Hamilton v. Cutts & al.* 4 *Mass.* 349 ; *Sprague v. Baker,* 17 *Mass.* 586 ; *Stearns on Real Actions,* 247.

*J. & E. Shepley* and *Elden,* for the defendant.

1. This action cannot be maintained on the covenant of *warranty,* because there has been no *eviction or ouster by paramount title.*

The action on covenants of warranty was originally a real action — it was to recover land for land — it went upon the ground that the whole land warranted was lost, and would not

lie for a partial defect of title, or mere incumbrance. In process of time the remedy changed from a real to a personal action — but it is still necessary to show an eviction or ouster by paramount title, and not an incumbrance merely. *Marston v. Hobbs*, 2 *Mass.* 437 ; *Bearce v. Jackson*, 4 *Mass.* 410 ; *Twambley v. Henley*, 4 *Mass.* 442 ; *Prescott v. Trueman*, 4 *Mass.* 631. In the latter case, it is said " on the warranty there is no reme-" dy until after *eviction.*" And a *paramount right* is stated to be one, " which may *wholly defeat* the plaintiff's title." It is true that the Court in this, decide that a paramount right may be an *incumbrance*, but not the reverse, that an incumbrance is a *paramount title*. Any thing which admits the title to be good, but which " is a weight on the land, which lessens the value of it" is an incumbrance, as *dower*. When the whole title is defeated, and the *land is lost*, then there is an eviction or ouster by a *paramount title*. In *Hamilton v. Cutts*, 4 *Mass.* 352, it was decided that *eviction* was synonymous with *ouster*, and that it might be proved by parol ; — but still there must be an ouster proved before the action can be maintained on the covenant of warranty.

The cases of *Chapel v. Bull*, 17 *Mass.* 213, and *Sprague v. Baker*, 17 *Mass.* 586, are not opposed to these views, although it is stated in the latter case that a mortgage may become a paramount title.

A recovery in a real action is not a breach, unless followed up by an actual ouster. *Kerr v. Shaw*, 13 *Johns.* 236.

2. Neither is this action maintainable on the covenant against *incumbrances*, because the former recovery is a bar. That suit was for the same cause of action, — it was for precisely the same incumbrance, to wit, the dower of *Esther Thompson*. The action of dower was commenced before the former suit, and no eviction or ouster has ever taken place since, and the former recovery was on the merits. It is therefore a bar. *Com. Dig. Action*, K. 3 ; *Smith v. Whiting*, 11 *Mass.* 445 ; *Le Gruen v. Gouverneur*, 1 *Johns. Cas.* 436 ; *Grant v. Button*, 14 *Johns.* 377 ; *Outram v. Morewood*, 3 *East*, 346. There is nothing in the case which shows that the former recovery was not on the merits. By the facts as stated by the referee, it ap-

pears that the plaintiff recovered in the former suit more than he was entitled to recover.

· 3. The parol evidence offered by the defendant was admissible. It was not offered to vary the terms of the deed, or contradict it, or set up any new contract, but to aid in estimating the damages. It was to show the value of the property and incumbrance as estimated by the parties themselves. It was to show what the plaintiff actually suffered, admitting the deed in all its terms and force. Introduced for such a purpose it violates no principle of law. *Leland v. Stone*, 10 *Mass.* 459.

It is a general rule of law that the damages recovered shall be commensurate to the injury sustained. *Rockwood v. Allen*, 7 *Mass.* 256. In this case the plaintiff has not been injured at all, the value of the dower not being included in the consideration paid for the farm.

The opinion of the Court, at a subsequent term, was delivered by

MELLEN C. J. — The action on the covenant of *freedom from incumbrances* was prematurely brought, and nothing but nominal damages were recovered ; still it is admitted that the judgment in that action would be a good bar to a second action on the *same* covenant, for the *same* breach. But it is contended that it is no bar to the present action, founded on the covenant of *warranty*, or covenant for quiet enjoyment. This action was not commenced until after the recovery by *Esther Thompson* of her dower and damages against the present plaintiff. But her dower was not actually assigned, because it was prevented by a compromise between the parties, by which the plaintiff extinguished her title by paying her one hundred and five dollars. The question for decision is, whether the present action is barred by the former judgment. It is very clear that the two covenants are different in their character. The covenant in the *first* action is a covenant *in presenti*. That in the present case is a covenant *in futuro*, which runs with the land. The counsel for the defendant has contended that there is another marked distinction, and one of importance as applicable in the case before us ; namely, that the covenant of *freedom*

Donnell *v.* Thompson.

*from incumbrances* extends merely to those claims which others have on the lands, which lessen its value to the purchaser, but are not inconsistent with his legal title ; as an easement, a mortgage, an outstanding lease, a right of dower, &c. &c., but that the covenant of *warranty* extends to the *whole* title, and that no action can be maintained upon this covenant except in those cases where the plaintiff *has lost his land*, by eviction or ouster by elder and better title.    Such a warranty was at common law the foundation of a voucher by the tenant when impleaded, and if he lost the land he might have judgment to recover of the warrantor, other lands of equal value ; but this course of proceeding is unknown with us.    In support of his position the counsel has cited several cases.    In *Marston v. Hobbs*, certain general principles are laid down, not immediately bearing on the point.    In *Bearce v. Jackson*, the Chief Justice observes, that to entitle a plaintiff to recover on the covenant of warranty, he must shew an actual eviction or ouster by a paramount title.    In *Twambley v. Henley*, the same principle is stated, in nearly the same words ; but in neither expressing, in terms, what was intended by a paramount title.    In *Prescott v. Trueman*, the declaration was upon the covenant of freedom from incumbrances ; at least the question before the Court arose upon a demurrer to a count upon that covenant ; and the breach alleged was that the *paramount title* was in *another person*, at the time of *Trueman's* conveyance to the plaintiff.    *Parsons C. J.* in delivering the opinion of the Court, after observing that an easement, a mortgage or a claim of dower is an incumbrance, observes, " And for the same reason, a *paramount* right which " may *wholly* defeat the plaintiff's title is an *incumbrance*.    It " is a weight on his land which must lessen the value of it.    If " it should appear to the jury who may inquire of the damages, " that the plaintiff has, at a just and reasonable price extin- " guished this title, so that it can never afterwards prejudice the " grantor, they will consider this price as the measure of dama- " ges."    Now this last case only decides that in an action founded on the covenant of freedom from incumbrances, the plaintiff may recover damages for the *loss of the land* ; or what amounts to the same thing, a sum of money equal to the value

of the land which he would have lost forever, had he not paid the sum to extinguish the paramount title : yet an action on the warranty, we apprehend, would also be proper in such case for the recovery of damages, as was decided in the case of *Hamilton v. Cutts*, cited by the counsel for the plaintiff. There no actual eviction by process of law had taken place, nor any ouster, because the dispossession was by consent of the plaintiff while he was tenant in possession ; but in that case he submitted to a *paramount title;* and the Court observed, that there was no necessity for him to involve himself in a lawsuit to defend himself against a title which he was satisfied must prevail. There seems to be no difference in principle between *yielding up* the possession to him who *owns the paramount title*, and fairly *purchasing* that title, so far as respects the right to recover damages on the warranty.

In the two preceding cases, above cited, viz. *Bearce v. Jackson*, and *Twambly v. Henley*, it was stated that an action could not be sustained on the covenant of warranty, unless there had been an eviction or ouster by a paramount title ; but still the general position thus stated is to be considered as *qualified* by the doctrine previously established in *Hamilton v. Cutts*.

Thus it is seen that none of the cases cited by the counsel for the defendant, go the length of proving the principle to be correct, that an action on the covenant of warranty can in no case be maintained, except where there is a *loss of the land warranted*, by an elder and better title. A different principle is established in the case of *Sprague v. Baker*, 17 *Mass*. 586. It was an action of covenant broken, upon a deed, containing the usual covenants against *incumbrances*, of *warranty*, &c. *White* and wife mortgaged the premises to *Morse* and *Bachelder*, and afterwards conveyed the same to *Baker*, the defendant ; he conveyed the same to *Hitchings* with *warranty* and the usual covenants of seizin, of good right to convey, and against *incumbrances;* and *Hitchings* conveyed the same to *Sprague*, the plaintiff, with *similar* covenants. It was objected that the plaintiff being an *assignee* of *Hitchings*, could maintain no action against *Baker*, on the covenant against *incumbrances*, made by him ; as *that* covenant was *broken* as soon as it was *made ;*

and was one which did not pass with the land to the plaintiff. The Court gave no definite opinion as to the soundness of the above objection; the Chief Justice saying, "as we have no "doubt that the plaintiff is entitled to judgment upon the *other* "covenant," (the covenant of warranty.) — "The words of the "covenant are, to warrant and defend (the premises) against "'the lawful claims of all persons,' and it is agreed that before, "and at the time of the grant to *Hitchings*, there was a claim "on the land by way of mortgage; that after the assignment, "the mortgagee demanded possession of the plaintiff, or the "payment of the debt due on the mortgage, and that he, to "avoid a suit, with which he was threatened, and against which "he could not defend himself, paid the sum due on the mort- "gage. Against this claim, therefore, *Baker* has not defended "him, according to the express words of the covenant. If the "plaintiff had formally yielded possession, and immediately "after, had extinguished or purchased in the mortgage, he "might have recovered against the defendant, on the authority "of *Hamilton v. Cutts & al.* There is nothing to distinguish "the two cases but a point of form which does not affect the "merits of the question." — And we may add that the case before us differs only in a point of form from *Hamilton v. Cutts*, and *Sprague v. Baker.* This last case appears to have been decided by a full bench, and it is, in our judgment, a decisive authority in favour of the plaintiff. The language of the covenant in *Baker's* deed to *Hitchings* is the same as in the deed of *Thompson* to the plaintiff. Such being our opinion on the main question, the objection made to the admission of certain parol evidence on the part of the defendant, becomes of no importance to the plaintiff, as we do not consider the facts thus proved, of such a character as to influence the Court in their decision. The widow's judgment for her dower, is not to be impeached or affected by her declarations or any of the facts proved by parol. We are all of opinion that the action is well maintained on the covenant of warranty; and, according to the agreement of the parties, judgment must be entered for the plaintiff for $105,00 *damages,* 11,50 *costs of reference and costs of Court.*