*Nonsuit confirmed.*

SAMUEL D. CROOKER *versus* STEPHEN JEWELL *& al.*

If there be a series of conveyances with warranty running with the land, and the warranty be broken, the remedy belongs to him, during whose ownership or claim of ownership, under the conveyances, the warranty is broken.

One of the grantees in such a series can have no action against his grantor for a breach of the warranty, occurring after having himself conveyed the land.

In an action for the land, by one claiming under a paramount title, if the tenant vouch his immediate warrantors, who take upon themselves the defence, their release of a previous warrantor will not render such previous warrantor a competent witness for the defence.

The act of the tenant, in vouching his *immediate* warrantors, does not impair his remedy against a *previous* warrantor.

WRIT OF ENTRY. At the September term, 1847, the defendants had leave to vouch in John Richardson and the heirs of William Richardson and of Green Richardson, warrantors; who appeared and defended.

At the trial, before HOWARD, J., the demandant introduced his record evidence of title, by deeds from Jonathan Davis *& al.* to Hannah Duncan in 1786; and from said Hannah Duncan to James Curtis in 1789; and from said Curtis to John Lowell in 1807; and from said Lowell to the demandant in 1821. He also introduced several witnesses tending to prove that he had done various acts indicating title, accompanied

with declarations of ownership at different times, from 1821 to within thirteen or fourteen years before the trial, and that he had within fence, portions of it which were formerly upland but now are flats.

The respondents, to prove their title, introduced a deed from Samuel E. Duncan to Nathaniel Coombs, dated May 5, 1804, a deed of mortgage from said Coombs to Nathan Hunt, dated Dec. 20, 1804, a deed from Mary Hunt as administratrix of said Nathan, to John Richardson, Green Richardson and William Richardson, dated Sept. 10, 1811 ; and a deed from the said Richardsons to respondents, dated Oct. 18, 1836. All of the aforesaid deeds, upon both sides, purported to convey the premises in dispute.

The respondents called as a witness Samuel E. Duncan, their original grantor and warrantor. The counsel of the demandant objected to his testifying. John Richardson thereupon executed a release to him of his covenants. The counsel for the demandant then contended : —

1. That Duncan's warranty run with the land, and could not be released by intermediate grantees.

2. That it was not competent for John alone to release, since the heirs of Green Richardson and the heirs and executors of William Richardson were, as was admitted, then living.

3. That the release was without consideration, which he offered to prove. The Court rejected the proof and admitted the witness to testify.

There was much other testimony, on either side, before the jury, which it is unnecessary to report to understand the case. The jury returned a verdict for the tenants.

The instructions given to the jury, and the requested instructions which were withheld, are all omitted, because they were not alluded to in the decision of the Court. Exceptions were allowed to the rulings upon the trial, and to the instructions given to the jury, which were elaborately argued by the counsel on both sides, but their arguments are here omitted, except as to the only point, which came under examination of the Court.

Crooker *v.* Jewell.

*Gilbert,* for demandants.

Duncan was an interested party, being a warrantor of the premises, and should not have been allowed to testify at all. He is the man who had created the estate in the premises, out of "the baseless fabric of a vision," and sold with covenants of general warranty. The bill of exceptions discloses the answer to this objection. John Richardson being in court, executed a deed of release to Duncan, of his covenants. And it is to be inquired, whether this release removed his incompetency. Duncan's covenant enures to the benefit of all the subsequent grantees, taking by deeds of general warranty. And this has always been the law. *Fairbanks* v. *Williamson,* 7 Greenl. 96 ; *Heath* v. *Whidden,* 24 Maine, 383 ; *Griffin* v. *Fairbrother,* 10 Maine, 91.

The R. S. chap. 115, § 16 and 17, does not touch this case ; the provision being designed for cases of covenants of seizin, and freedom from incumbrances. Duncan's deed contains a covenant for quiet enjoyment, which is not touched by the statute. But this statute, if applicable, is in our favor. Intermediate grantees have no power to release Duncan's covenant of warranty. If it were so, a wide door would be open for collusion and fraud, by making conveyances through insolvent grantees, to innocent, subsequent purchasers.

But if such a release could be made, it is clear that one of several co-tenants could not make an effectual release for all. It is claimed for the Richardsons, that they held as co-tenants. As such, they had each an individual interest, which neither of the others could in any way control, compromise or release. Were it otherwise, one co-tenant might lose his rights, by the fraudulent conveyance of another co-tenant. *Merrill* v. *Berkshire,* 11 Pick. 269 ; *Allen* v. *Holton,* 20 Pick. 458.

Besides, the release was made without consideration, and therefore void. This proof was offered and rejected. The books are full of cases where deeds of conveyance are impeached for want of consideration, and I hardly need cite the authorities.

*H. Tallman & T. D. Sewall,* for tenants.

It is contended that the covenants in Duncan's deed, were broken when made, and if so, they did not run with the land.

WELLS, J. — By the common law, the covenant of general warranty runs with the land, because it is connected with it, and descends to the heir, and is transferred to the purchaser of the land by the conveyance.

As assignees of grantees or lessees are bound by covenants real, which run with the land, so are they entitled to the benefit of all such covenants as are entered into by the grantors or lessors and may maintain an action on them.   Cruise's Dig. tit. Deed, c. 5, § 16, 30, 44 ;   *Sprague* v. *Baker*, 17 Mass. 586.

Where a covenant which runs with the land, is broken, he in whose time it is broken, whether the grantee or any one who claims and holds under him, may maintain an action for the breach.   *Griffin* v. *Fairbrother*, 1 Fairf. 91.

The tenants claim, through mesne conveyances, under Samuel E. Duncan, and that the title passed from Nathan Hunt by the deed of Mary Hunt, his administratrix, to the Richardsons.   It is contended by the demandant, that she was not lawfully authorized to make the conveyance, but assuming that she was, as is alleged by the tenants, they then deduce their title from Duncan, and if that title fails, they have a remedy against him upon the covenant of warranty.

The covenant, running with the land, passed from the Richardsons to the tenants, and consequently, the Richardsons had no control over it, and could not discharge it.   The release of John Richardson made to Duncan, was therefore of no effect.   Whether it would have been sufficient to release the covenant, if the title had still been in the Richardsons, it is unnecessary to determine.

The act of the tenants, in vouching in the Richardsons, their immediate grantors, did not operate as a relinquishment of their claim against Duncan, whose liability to them remained, and they would have had an election to call on him for damages, if their title had failed.

The title to the demanded premises was directly in issue between the parties, and Duncan was interested to sustain that of the tenants, and having been introduced by them, and allowed to testify, the exceptions must be sustained.

*Exceptions sustained, and a new trial granted.*