ALLEN & BROWN *versus* LITTLE, *Executor.*

In deeds conveying land, covenants of seizin and against incumbrances are, by the general law, covenants *in presenti*, unassignable, not running with the land.

But, by a statutory provision, such covenants may pass to the grantee's assignee, with a right, in his own name, to maintain suit for the breach of them.

After a grantee of land has conveyed his estate he can maintain no suit upon such covenants, unless he had, previously to his conveyance, been damnified.

After a conveyance of his estate by one of the joint grantees of land, he cannot, unless previously damnified, join with his co-grantee in a suit against their grantor on his covenants.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

COVENANT BROKEN. Writ dated in 1851.

The defendant's testator, in 1837, conveyed land by deed jointly to Allen, Brown and Rackley, with covenants of seizin, against incumbrances and for quiet enjoyment.

The plaintiffs introduced evidence tending to show that, prior to the giving of that deed, an earlier proprietor of the land had granted a right to flow the land by means of a mill-dam; and *that* under such grant a stone dam was erected in the fall of 1841, by which the land was flowed and damaged, which is the eviction for which this suit is brought.

But, *before such flowing and damage*, viz. on February 13, 1840, Brown, by his warranty deed, conveyed his one third part of the land. Rackley is dead, as is alleged in the plain-

tiffs' declaration, having sold and conveyed his interest in April, 1841.

There was very much of other testimony. It related to points not necessary here to be presented.

In a list of numerous requested instructions to the jury, were the following: —

1. That the covenants of a deed are a contract, which may be enforced, either jointly or severally, and cannot be in both modes at the same time.

2. That if the jury find that there has been a division of these lots, between the grantees, or that there is a separate occupation, then this action, in the name of two, cannot be maintained.

3. That the death of Rackley, as set out in the writ, is by operation of law, a severance of the contract, and this action, in the name of two, cannot be maintained.

11. That for any injury that accrued during the time that Brown owned, the action should be brought either in the joint names of Benjamin Allen, Benjamin Rackley and Solomon Brown, or in the name of each one separately ; that the action must be either joint or several, and that the present action cannot be maintained.

12. That the measure of damages in this suit, is the damage that accrued while Brown owned; and if they should be satisfied that no damage was sustained during that time, that the action is not maintained.

13. That the covenant, the breach of which, is relied upon to maintain this action, is one that runs with the land, and that the defendant would be liable to the present owners, for a breach thereof, during their ownership.

These requested instructions were not given. The verdict was for the plaintiffs, and the defendant excepted.

The defendant also filed and urged a motion for a new trial.

*Lancaster & Baker*, for the defendant.

The action is not maintainable. It has the wrong plaintiffs.

It should have been in the name of the owners at the time of the eviction.

There is no disagreement among the witnesses as to the fact, that no damage was done by the flowing, until the stone dam was built. This was in 1841. But Brown, one of these plaintiffs, had conveyed away all his title before that time.

The writ contains three counts, and is dated March 10, 1851; the first is upon the covenants of warranty, and against incumbrances conjoined; the second, upon the covenant against incumbrances; the third, upon the covenant for quiet enjoyment. There is not, in terms, any such covenant in the deed, as the third count is predicated upon, and the first count is imperfect; but assuming, for the purpose of this argument, that the first and third counts might be considered as substantially upon the covenant of warranty, then the plaintiffs' evidence would be pertinent and would show a breach of this covenant, but not until after Solomon Brown and Benjamin Rackley had parted with all their interest in the land flowed; for the new stone dam could not have flowed to injure the meadow, before the summer of 1842, for it was not built until the fall of 1841. But before that time Brown and Rackley had both parted with all their interest.

Now, when Brown conveyed his part of the land flowed, he transferred all his interest in this covenant to his grantees, and it being a covenant that runs with the land, the owners at the time of the eviction alone could maintain an action for the breach of it. The Court then, so far as the first and third counts are concerned, should have instructed the jury that the action could not be maintained. *Joel Wheeler* v. *Wm. D. Sohier, executor,* 3 Cush. 219; *Fairbrother* v. *Griffin,* 1 Fairf. 91; 2 Cruise's Dig. Title 32, Deed, c. 25, § 51, note 1, and the cases there cited; *Sprague* v. *Baker,* 17 Mass. 586.

It is believed that this case cannot be distinguished from the one in the third Cush., here cited, and that it is clear, upon the authorities cited above, that no action could be main-

Allen *v.* Little.

tained upon the first and third counts, until after an eviction or ouster, and the eviction or disturbance not having occurred, till long after Brown conveyed away his part of the land, it follows irresistibly that he should not have joined in this action. The defendant contends that the action can no more be maintained on the second count, than upon either of the others, for by the operation of the statute of 1835, c. 705, Brown's interest in the covenant against incumbrances, was transferred by his deed of 1840, and gave to his grantees after eviction a right of action 'for all the damage they had sustained from a breach of it; so that at the time of the eviction the said grantees being then the owners of the land flowed, had a perfect remedy for all the damage that had been sustained on this covenant, as well as on the covenant of warranty. It was manifestly the object of the above statute, to place the covenants of warranty and against incumbrances, upon the same footing. By the force of this statute Brown's interest in all the covenants, in Little's deed, passed out of him and vested in his grantees, as early as Feb. 13, 1840. This view is strengthened by the 17th section of c. 115, of the Revised Statutes, which provides, that in case Brown's grantees had brought this action, he would not have been permitted to give any release that would bar or in any way affect their right to recover. See also *Prescott* v. *Hobbs*, 30 Maine, 345. The Court then should have instructed the jury that the action could not be maintained on this count.

*May*, for the plaintiff.

1. The first requested instruction was rightly withheld, because it presented a mere abstract question of law, in no way arising from the facts in the case. There was no pretence that joint and several suits were pending at the same time, unless this one action is both a joint and several suit. This is a joint action in the name of two, out of three joint covenantees, the third being dead before the commencement of the suit. It is no part of the duty of a Judge to charge the jury upon mere abstract questions not arising in the cause

on trial. *Merrill* v. *Inhabitants of Hampden*, 26 Maine, 234.

2. The second requested instruction was rightly withheld. The same reasons apply to this as to the first request. There was no evidence of any such state of facts as the request presupposes, but if there were, the law is against such instruction. What has the manner of occupation to do with the right of the grantees to recover damages for a breach of covenant, which occurred at the execution of the deed? Nor could any subsequent division or conveyances among the grantees affect their right to recover.

3. The law is opposed to the third request. Nothing is better settled than that, upon the death of one of any number of covenantees, the action for a breach may be maintained in the name of the survivors, and must be so brought, and such survivors hold the share of the deceased in trust, (as is said in the books,) for his legal representatives, and the defendant ought not to be subjected to two suits for one and the same entire cause or thing. Chitty's Pl. vol. 1, p. 6, and cases there cited; Gould's Pl. c. 4, $ $ 58 and 61, p. 200 and 202.

The 11th request has already been considered under the preceding heads, and I trust it has been shown that the covenant being joint, the action should have been brought in the name of the surviving covenantees, and that the injury to the plaintiffs was an entire injury, and accrued at the time of the execution of the deed.

This 12th request supposes, that if none of the consequences arising from the incumbrance were realised while Brown owned, the action could not be maintained, as if the actual existence of a right to flow the plaintiff's lands was not an incumbrance for which an action might be maintained, though such right was not actually enforced before suit was brought. This must be an error. In actions where the incumbrance is only an inchoate right of dower, which may never be enforced, as the wife may die before her husband, a recovery may be had, *a fortiori* in a case like this, where the right is abso-

lute and unconditional, one would think an action might be maintained. *Donnell* v. *Thompson*, 10 Maine, 170.

13. The Judge was requested to instruct the jury, that the covenant relied on was one that runs with the land, and that the defendant would be liable for a breach thereof to the present owners during their ownership.

The covenant relied on was that against incumbrances, and the whole case shows, that the issue was solely with reference to that. Such a covenant does not run with the land. *Heath & al.* v. *Whidden*, 24 Maine, 383; *Clark* v. *Swift*, 3 Metc. 392.

HOWARD, J. — General covenants of warranty, in a deed of lands, are prospective, and run with the estate; and consequently, vest in assignees and descend to heirs. But covenants of seizin, and those against incumbrances, are personal covenants *in præsenti*, which do not run with the land, and are not assignable by the general law. Yet, by the statute law of this State, they pass to the assignee of the grantee, and he may maintain an action for their breach, in his own name, against the grantor, provided he will release the grantee from his covenants. Stat. of 1835, c. 183; R. S. c. 115, §§ 16, 17; *Prescott* v. *Hobbs*, 30 Maine, 345; *Stowell* v. *Bennett*, 34 Maine, 422.

Tenants in common may join in actions on contracts relating to the estate; but when there has been a severance of the estate, and the legal interest is several, each must sue separately for his damages for breach of the covenants which run with the estate. By operation of the statutes referred to, the covenants of seizin, and freedom from incumbrance, run with the land, and are available to separate assignees in severalty, *pro tanto*. For all covenants which run with the land are, in legal effect, several, although in terms, they are joint only. Co. Lit. 385, a; Sheppard's Touchstone, 198, 199; Rawle on Covenants for Title, 303; *White* v. *Whitney*, 3 Met. 87; 1 Chitty's Pl. 6.

The covenants in the deed of the testator were made to the

plaintiffs and Rackley, deceased. Brown, one of the plaintiffs, conveyed his interest in the land, " by a warranty deed," more than ten years before the commencement of this action. As by the laws of this State, all the covenants concerning title run with the land, he, as an intermediate covenantee, cannot maintain an action against a prior covenantor, until he has suffered damage. If there has been a breach of the covenants, his assignee may maintain an action against the first covenantor, to recover damages, but that gives no right of action to any intermediate covenantee, unless he is damnified. Rawle on Covenants for Title, 304; *Booth* v. *Starr*, 1 Conn. 244; *Withy* v. *Mumford*, 5 Cowen, 137 ; *Fairbrother* v. *Griffin*, 10 Maine, 96 ; *Wheeler* v. *Sohier*, 3 Cush. 219.

There is no evidence that Brown has suffered any damage by reason of the alleged breach of covenants, jointly with the other plaintiff, or separately, and he, at least, has no cause of action.

It follows, that this suit, in the name of Allen and Brown, cannot be maintained, even if the former has a right of action. But as the case is presented here, we can only sustain the motion and the exceptions.

SHEPLEY, C. J., and HATHAWAY and APPLETON, J. J., concurred.