## CHANDLER *v.* BROWN.

The covenant of general warranty in a deed is a covenant that runs with the estate in reference to which it is made, and may be availed of by suit, in his own name, by any one to whom the same may come by deed, even after several successive conveyances, or a descent or devise.

As the covenant runs with the land, it passes to the grantee under any conveyance sufficient to transfer the title to the land.

The legal title to land ordinarily carries with it the right of possession, and gives a constructive possession without actual entry ; and a conveyance by one having the legal title, although not in actual possession, carries the right of possession, and the grantee, upon taking actual possession, may avail himself of a covenant of warranty running with the land.

COVENANT BROKEN.   Facts found by a referee.   March 21, 1842, George J. Eastman conveyed a tract of land to the defendant, in which his wife, Judith Eastman, did not release her right of dower.   Eastman died in 1872.   January 1, 1851, the defendant conveyed the land to Simpson and Haines, with full covenants of warranty, for the consideration of $500.   February 28, 1851, Simpson and Haines conveyed to Johnson, and March 18, 1853, Johnson, for the consideration of $75, conveyed a part of the land to the plaintiff, in the ordinary form, and with the ordinary covenants of a quitclaim deed.   It did not appear whether Simpson and Haines, or Johnson, were ever in actual possession of the premises.   The plaintiff entered into possession soon after the execution of the deed to him.   May 2, 1874, Judith Eastman, who is still living, demanded dower in the premises of the plaintiff, and on September 10, 1874, commenced an action against the plaintiff to recover the same.   The defendant, being notified by the plaintiff to defend, appeared by counsel, and conducted the defence of the action until the final disposition of it in April, 1876, when judgment was rendered that Judith Eastman recover against the plaintiff her dower and costs of suit; and on December 31, 1878, a portion of the land was duly set off to Mrs. Eastman as her dower, and on the same day the plaintiff paid the costs of the judgment and set-off, amounting to $57.54.

The land in controversy is a wood-lot, having no building on it. It did not appear that Mrs. Eastman was, at any time before the date of the writ, in the actual occupation of the land set off to her, other than what is shown by the officer's return and her receipt on the writ of possession; neither was there any evidence that the plaintiff has ever had or claimed any possession of it since the set-off.

The defendant offered no evidence, and moved for a nonsuit, contending that the plaintiff cannot maintain this action,—because his own title is under a quitclaim deed only; because there is no evidence of actual possession of the premises by Simpson and Haines, and by Johnson, while they held the legal title; and because there is no evidence of an actual eviction of the plaintiff from the premises set off before this action was commenced.

The referee found for the plaintiff, and assessed damages in the sum of $85, being $25 for the loss of the land set off during the lifetime of Mrs. Eastman, and $60 for the sums paid by the plaintiff for costs in the action of dower, and for costs of set-off.

*Mugridge*, for the defendant.

Although in certain cases the covenants of warranty run with the land, so as to give the grantee the right of action against any of the prior warrantors for a breach *( Chase* v. *Weston*, 12 N. H. 413), yet it is distinctly decided that unless possession attend the conveyances, the covenant is not assigned by them. *Moore* v. *Merrill*, 17 N. H. 81. In the present case, it does not appear that there was possession of the premises upon the part of any of the owners in the line of title before the plaintiff, and the court cannot presume possession. But if possession had been shown, the plaintiff could not maintain this action. His title was by deed of quitclaim, and was but qualified and limited in its nature. The only covenants that his deed contained were those of warranty against the acts of his grantor alone, and he cannot enlarge his rights or title by making a claim against a prior warrantor, as he seeks to do in this suit.

There has been no such legal eviction of the plaintiff from the premises as is an essential prerequisite to the maintenance of an action on the covenants of warranty. To constitute such an eviction, there must be an actual entry and dispossession under a paramount title. Rawle on Cov. 146. It is held that yielding of possession by a purchaser, upon being satisfied of the invalidity of his title, may amount to a sufficient eviction to support an action on the warranty *( Drew* v. *Towle*, 30 N. H. 536; *Loomis* v. *Bedel*, 11 N. H. 74; Rawle on Cov. 150), and that there may be a constructive eviction if the purchaser fails to obtain possession by reason of a paramount title (Rawle on Cov. 151, 154) ; but we submit that there must be upon the part of the purchaser a yielding of actual possession of the premises before such a dispossession and eviction could exist as would warrant an action.

*Butler*, for the plaintiff.

CLARK, J. The covenant of general warranty in a deed is a covenant that runs with the estate in reference to which it is made, and may be availed of by suit in his own name, by any one to whom the same shall come by deed, even after several successive conveyances, or a descent or devise. 2 Washb. Real Prop. 662; *Crooker* v. *Jewell*, 29 Me. 527 ; *Moore* v. *Merrill*, 17 N. H. 75 ; *Russ* v. *Perry*, 49 N. H. 547. The plaintiff, being the owner of the premises, and in possession when the covenant of warranty was broken by the enforcement of the claim for dower by Mrs. Eastman, is the proper person to maintain this action for the breach of the covenant. 2 Washb. Real Prop. 662; *Chase* v. *Weston*, 12 N. H. 413; *Griffin* v. *Fairbrother*, 10 Me. 91 ; *Allen* v. *Little*, 36 Me. 170 ; *White* v. *Whitney*, 3 Met. 81.

Whether Simpson and Haines, or Johnson, ever entered and took actual possession of the land under their deeds is immaterial. By the several conveyances, the legal title passed from the defendant to Simpson and Haines, from them to Johnson, and from Johnson to the plaintiff. The legal title carried the right of possession, and gave a constructive possession without actual entry upon the premises. *Warren* v. *Cochran*, 30 N. H. 379. This is not a case where the deed conveyed no land to which the covenants could attach. The land passed by the deed to the plaintiff, and when he entered and took actual possession of the premises, having the legal title, the covenant of warranty running with the land enured to his benefit. *Moore* v. *Merrill*, 17 N. H. 75, 81, 82 ; *Wead* v. *Larkin*, 54 Ill. 489 ; *Brady* v. *Spurck*, 27 Ill. 478.

It was not necessary to show an actual eviction of the plaintiff from the premises to maintain this action. The recovery of the judgment by Mrs. Eastman was sufficient evidence of the breach of the covenant of warranty. *Loomis* v. *Bedel*, 11 N. H. 74, 82 ; *Drew* v. *Towle*, 30 N. H. 531, 537; *Sprague* v. *Baker*, 17 Mass. 586 ; *Donnell* v. *Thompson*, 10 Me. 170. And the defendant having appeared and defended the suit of Mrs. Eastman for dower, the judgment recovered by her is conclusive against him as evidence of the breach of the covenant of warranty, and he is bound by that judgment. *Littleton* v. *Richardson*, 34 N. H. 179.

*Judgment for the plaintiff on the report.*

ALLEN, J., did not sit; the others concurred.