HARPER B. SMITH, RESPONDENT, v. CHARLES F. WAHL,
APPELLANT.

Argued November 24, 1915—Decided March 6, 1916.

1. The mere existence of a right to recover nominal damages on a
   covenant against encumbrances will not prevent a recovery of
   substantial damages on the covenant of warranty where there
   is a subsequent eviction.
2. An appellate court will not review a question that has not been
   legally raised in the lower court.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Eli H. Chandler.*

For the defendant-appellant, *Clarence L. Cole.*

The opinion of the court was delivered by

SWAYZE, J.  Wahl conveyed land to Smith by deed with
full covenants of warranty and excepted from the covenants a
mortgage of $1,400.  There was outstanding a prior mort-
gage, which was not excepted from the covenants.  A bill to
foreclose this mortgage was filed November 7th, 1910.  Pend-
ing this foreclosure, and on December 17th, 1910, Smith was
adjudged a bankrupt and Sooy appointed trustee.  On March
25th, 1911, Sooy filed a disclaimer for the real estate which
had been conveyed by Wahl to Smith, and an order was made
by the referee in bankruptcy rejecting that real estate and
refusing to take possession of the same.  Thereafter, on No-
vember 24th, 1912, a final decree was entered in the fore-
closure and the property was sold thereunder.  Smith then
sued Wahl on the covenant of warranty.

Upon the disclaimer of the trustee and the order of the
referee, the bankrupt could assert title to the land.  *American
File Co.* v. *Garrett,* 110 U. S. 288; *Sparhawk* v. *Yerkes,* 142

*Id.* 1; *Sesswin* v. *Romadka,* 145 *Id.* 29; *Dushane* v. *Beall,* 161 *Id.* 513; *First National Bank* v. *Lasater,* 196 *Id.* 115. And, as the warranty runs with the land, the right of action thereon would be in him.

But it is said that the defect in the title here was the encumbrance of a mortgage; that the covenant against encumbrances was broken as soon as made, and, like other choses in action, passed to the trustee in bankruptcy and was not disclaimed by him.

Since there had been no eviction and no payment by the trustee to the holder of the mortgage prior to the disclaimer of title, the trustee in an action on the covenant against encumbrances could have recovered only nominal damages. *Stewart* v. *Drake,* 9 *N. J. L.* 139, 141; *Hasselbush* v. *Mohmking,* 76 *Id.* 691, 695. The question, therefore, reduces itself to this: Will the mere existence of a right to recover nominal damages on a covenant against encumbrances prevent a recovery of substantial damages on the covenant of warranty where there is a subsequent eviction? We think the question must be answered in the negative. The proof required in actions on the two covenants is different. In one, proof of eviction is necessary to any recovery; in the other, the fact of eviction is important only with reference to the amount of damages. From this it results that the two actions accrued at different times. When the trustee disclaimed there had been no eviction and there could as yet be no action on the covenant of warranty. It has been held that the covenantee may sue at the same time upon a covenant for seisin and a covenant for quiet enjoyment and enter judgment upon either. *Rawle Cov. Tit.,* § 166, citing *Sterling* v. *Peet,* 14 *Conn.* 245; *Stark* v. *Olney,* 3 *Ore.* 88. The ruling in *Leggett* v. *Lippincott,* 50 *N. J. L.* 462, is not inconsistent with this. In that case there had been a *recovery* of consideration money, interest and costs in an action on the covenant that the covenantor was the true, lawful and right owner of the premises. Afterwards the covenantee sought to recover additional damages in an action on the covenant of warranty, damages which had

been caused by his retaining possession of premises which at his own suit had been solemnly adjudicated not to belong to him. Chief Justice Beasley necessarily held that he had already recovered all that he was entitled to for the breach of any or all of the covenants whose office was to secure to him a valid title to the property. We fail to see how a later accruing right of action by the owner of the land for breach of the covenant of warranty can be lost because someone else has a right of action on a covenant against encumbrances which appear to be contained in the same deed and to relate to the same land. The nonsuit was properly denied. *Donnell* v. *Thompson,* 10 *Me.* 170; *Moore* v. *Johnston,* 18 *So. Rep.* 825.

The question raised as to the measure of damages is not properly before us. The appeal was taken November 5th, 1914. The exception seems to have been taken March 2d, 1915. We do not question the statement of counsel that the defect was noticed at the argument in the Supreme Court and that that court suggested that application be made to the trial judge to supply the defect if he could. That was not enough. Fairness to the Supreme Court required that the judges should be apprised of the fact that the trial judge had signed the exception. This evidently was not done, since the memorandum of the court expressly states that no exception was taken that raised the question. We cannot review a question that has not been legally raised in the Supreme Court.

The judgment must be affirmed, with costs.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 10.

*For reversal*—None.