JOSIAH C. WHITE, Respondent, *v.* R. H. STEVENS, Appellant.

January 30, 1883.

1. PLEADINGS — FAILURE TO FILE INSTRUMENT SUED ON — WAIVER. — In an action on the covenants in a deed, the objection that the deed was not filed with the petition is waived if not taken by demurrer or by objection to evidence.

2. PRACTICE — EVIDENCE. — Appellate courts will not review the action of trial courts in admitting secondary evidence, where the specific objection was not made at the time.

3. EVIDENCE — DEPOSITIONS. — Entries on a county tax-book may be read by the lawful custodian of the book and embodied in his deposition for use in a trial in another county.

4. COVENANTS OF SEISIN — BREACH OF. — The covenants implied in the words "grant, bargain, and sell," are technically broken if the land is subject to the lien of taxes when the deed is executed.

5. ——— LIMITATIONS. — A substantial action for such a breach does not arise until the covenantee has paid the taxes; until which time the statute of limitations does not begin to run.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

W. F. BROADHEAD and R. H. STEVENS, for the appellant : Oral testimony to prove facts for which the law provides a record is incompetent. — Gen. Stats. 1865, p. 105, sect. 51. Taxes become an incumbrance when assessed, and from the date of the assessment, for the payment of which the owner at that time becomes liable. — *Blossom* v. *Van Court*, 34 Mo. 390. A covenant against incumbrances is broken, if at all, the moment it is made, and the remedy thereon is then complete. — *Collier* v. *Gamble*, 10 Mo. 470 ; *Mosely* v. *Hunter*, 15 Mo. 330 ; *Kellogg* v. *Malin*, 62 Mo. 429 ; 3 Washb. on Real Prop. 495.

M. F. TAYLOR, for the respondent : The statute of limitations does not begin to run upon a breach of covenant against incumbrances until substantial injury has been done. — *Dickson* v. *Desire*, 23 Mo. 151 ; *Chambers* v. *Smith*, 23 Mo. 178 ; *Maguire* v. *Riggin*, 44 Mo. 512. So that no such right accrued, as would start the statute to running in this case, even though the action be for breach of seisin, until White had paid the money for the taxes. — See also *Frink* v. *Bellis*, 33 Ind. 135 ; *Martin* v. *Baker*, 5 Blatchf. 232 ; *McCrady* v. *Brisbane*, 1 Nott & M. 104.

THOMPSON, J., delivered the opinion of the court.

The petition in this case stated " that on the 16th day of February, 1869, the defendant, by his certain deed herewith

filed, marked Exhibit A. and referred to as the instrument sued on, did convey to the plaintiff a certain tract of land in Pettis County in the said state, with clauses of grant, bargain, and sale, and covenants of general warranty, the land conveyed by the deed being fully described therein ; that the covenants, obligations, and conditions by defendant in said deed made have not been kept by him in this, to wit, that at the date of the said conveyance there had been, by virtue of the laws of the state of Missouri, levied upon and assessed against said land in said deed so conveyed, as taxes for state, county, school, and other purposes, for the year 1869, which was, at that said time, a lien upon said lands so conveyed, the sum of $233.60 ; that, in pursuance of authority given him by law, the proper officer of said county of Pettis did have execution for said taxes as above levied upon said land in said deed conveyed, and was about to sell the same to pay said taxes, and that, in order to save said property, plaintiff was compelled to pay off and discharge said taxes.'' Then follow certain averments as to damages.

The answer contained two counts. The first was a general denial, and the second pleaded the statute of limitations of ten years.

At the trial, the plaintiff offered in evidence the deed referred to in the petition, which was received without objection. He next produced the deposition of Henry Field, who testified that he was the county clerk of Pettis County, Missouri, and who produced before the officer taking the depositions the tax-book of Pettis County for the year 1869, and identified it. He next offered in evidence the deposition of Gabriel Vogler, who testified that, in May, 1871, he was the deputy collector of Pettis County, Missouri. The tax-book for 1869, identified by the previous witness, was then examined by this witness before the officer taking the deposition, and from the book he testified that the taxes upon the land described in the deed, for the year 1869, were

paid on the 15th day of May, 1871, by J. C. White, to the amount of $186.42, together with the penalties and costs, the amount of which the book did not show, and the witness could not state. The reading of these depositions was objected to by the defendant, for the reason that the petition did not state a cause of action, and that, on the face of the pleadings, the plaintiff was not entitled to recover. This objection was overruled, and the defendant excepted. This was all the evidence offered by the plaintiff.

The defendant, to sustain his plea of the statute of limitations, introduced in evidence the petition in the cause, showing that it was filed March 14, 1881.

The defendant then asked the court to give the following declaration of law : " The court, sitting as a jury, holds the law to be, that if it appear from the evidence in this cause that the deed sued on was executed in February, 1869, and that plaintiff's petition herein was not filed until March 14, 1881, although plaintiff paid said taxes in May, 1871, his cause of action is barred by the statute of limitations of ten years, and he cannot recover ;" which the court refused to give, and the defendant excepted.

The court, sitting as a jury, found the issues in favor of the plaintiff, and assessed his damages at the sum of $195.16.

The defendant, having appealed from this judgment, asks us to hold, in the first place, that the petition states no cause of action. We think this position is not well taken. The petition might have been made more specific by reciting in terms the language of the covenants in the deed, and the description of the land conveyed therein ; but this was unnecessary, as the petition referred to the deed as an exhibit, and as the instrument sued on. It is urged, however, that the deed was not, in fact, filed as an exhibit. The record does not show that it was filed, and it does not show the contrary. If it was not filed, the defendant should, at the proper time, by demurrer or otherwise, have questioned the sufficiency of the petition upon this ground. Not having

done so, having answered to the merits, having had a trial upon the merits, in all respects fair, and having failed to object to the admissibility of the deed on the ground that it was not filed as required by the statute, he cannot raise such an objection specifically for the first time in an appellate court. *Burdsal* v. *Davies*, 58 Mo. 138.

2. Next, it is urged that the depositions of the two witnesses, already referred to, were not competent to prove the fact that the taxes had been paid by the plaintiff. It is urged that this is secondary evidence; that the law has provided a record, which is the best evidence of such a fact, namely, the tax-book provided to be kept by the General Statutes of 1865 (chap. 12, sect. 51). There are two answers to this position: The first is, that the defendant did not object to the depositions of the witnesses on the ground that their testimony was secondary evidence; the second is, that the tax-book of Pettis County, for 1869, was produced by the witnesses, identified by one of them, and the entry of the payment of taxes by this plaintiff, on the 15th day of May, 1871, read from the book by the other witness, who was its custodian at the time such entries were made. This entry was original evidence of the fact there recited, and the best evidence to the fact which could have been produced. The book, being a public record of Pettis County, could not, obviously, have been brought to St. Louis County, to be there used in evidence for the purposes of this trial. It was therefore necessary to prove the entries in the book in some other way, and this was well done by having the book produced by its proper custodian and identified by a deposition, and then by having the entry desired to be put in evidence read from the book. This entry might have been read by the first deponent, who produced the book, and it might just as well have been read by the second deponent, who was the custodian of the book at the time the entry was made, or by any other competent witness. The object was to get a particular entry in the book upon another

paper in some authentic form, so that it could be brought to St. Louis County and used in this trial, and this was aptly accomplished.

3. A more important question, and the only substantial question in the case is, whether the plaintiff's cause of action was barred by the statute of limitations of ten years. It will be perceived that the deed which constituted the instrument sued on, was made in 1869, and the present action was not brought until 1881. The question, then, is, whether the covenant in the deed, the breach of which constitutes the plaintiff's cause of action, was broken when the deed was made, so that a cause of action accrued thereon within the meaning of the statute, or whether it was not broken until the plaintiff paid the money in 1871, for the purpose of discharging the incumbrance of the taxes, which incumbrance existed at the time the deed was made. The statute reads as follows : " Within ten years : First, an action upon any writing, whether sealed or unsealed, for the payment of money or property ; second, actions brought on any covenant of warranty contained in any deed of conveyance of land, shall be brought within ten years next after there shall have been a final decision against the title of the covenanter in such deed, and actions on any covenant of seisin contained in any such deed shall be brought within ten years after the cause of such action shall accrue ; third, actions for relief not herein otherwise provided for." Rev. Stats., sect. 3229.

The covenant contained in the words "grant, bargain, and sell," in a conveyance of land, is a covenant against the incumbrance of any taxes assessed against the property at the date of the deed ; if, therefore, the owner convey the land after that date by a deed containing these words, and thereafter the grantee in the deed is compelled to pay the taxes, in order to save the land from sale therefor, he may sue and recover of the grantor the money so paid to discharge the lien of the taxes. *Blossom* v. *Van Court*, 34

Mo. 390. Such a covenant is treated in one decision of our supreme court, as a covenant of indemnity, personal in its nature, such as will support an action by the administrator of the covenantor. *Kellogg* v. *Malin*, 62 Mo. 429. It is true that it is a covenant against a thing which, if it exists at all, exists at the time of the execution and delivery of the deed, and, therefore, it may be conceded that if an incumbrance exists at such time, the covenant is then broken. But in the view taken by our supreme court, it is then broken only in a technical sense, so that, in an action for the breach of it, the covenantee could recover only nominal damages. *Kellogg* v. *Malin, supra.* The same view is taken with regard to the more extensive covenant of seisin, which is implied by the same words, "grant, bargain, and sell," except that this covenant runs with the land. These words contain by statute an express covenant of indefeasible seisin in fee simple of the land conveyed ; a covenant which runs with the land, of indemnity, continuing to successive grantees, and enuring to the one upon whom the loss falls. *Maguire* v. *Riggin*, 44 Mo. 512 ; *Dickson* v. *Desire*, 23 Mo. 151. The *substantial* right of action for a breach of this covenant does not arise until eviction, or until the covenantee, or other person claiming the land through him, has paid money in order to buy an outstanding title. "When the right to a *substantial* recovery arises, the covenant is then broken ; the owner of the estate is entitled to the benefit of it, and his cause of action will be considered to have then accrued within the meaning of the statute of limitations. If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and cannot pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. In such case, the breach is final and complete ; the covenant is broken imimediately, once for all, and the party recovers all the damages that can ever result from it. If, however, the possession

pass, although without right, — if an estate in fact, although not in law, be transferred by the deed, and the grantee have the enjoyment of the property according to the terms of the sale, the covenant runs with the land and passes from party to party, until the paramount title results in some damage to the actual possessor; and then the right of action upon the covenant vests in the party upon whom the loss falls." *Chambers' Administrator* v. *Smith's Administrator*, 23 Mo. 174, 179.

There is nothing, so far as we can see, in any decision of our supreme court which indicates that a different rule is to govern in the case of the mere covenant against incumbrances which is implied in the same words in the deed. The contrary conclusion seems to be implied from the language of the supreme court in *Kellogg* v. *Malin* (62 Mo. 429, 433). Speaking of the covenant against incumbrances, the court says: " The covenant being treated as one of indemnity, if the incumbrance has inflicted no actual injury upon the plaintiff, and he has paid nothing towards removing or extinguishing it, he can obtain but nominal damages, as he is not allowed to recover a certain compensation for running the risk of an uncertain injury. If the grantee has removed and paid off the incumbrance, the measure of damages is what he paid for that purpose, if it be a reasonable and fair price."

The reasonable conclusion seems to be that the substantial cause of action which arises upon the breach of the covenant contained in the words " grant, bargain, and sell," in a deed of conveyance of land, does not accrue until there has been an eviction under a paramount title existing at the time of the execution of the deed, or until the covenantee, or the person claiming the land through him, has parted with money in order to prevent an eviction, according to the rule in *Hall* v. *Bray* (51 Mo. 288). According to this decision, and other cases there referred to, it is not necessary for the covenantee, or his grantee, to wait until actually

evicted before bringing an action for a breach of the covenant. He may purchase the superior outstanding title for a reasonable price, and then have an action for the money so expended, the same not exceeding the consideration of the deed. And so, in the case of an incumbrance which, if not discharged, may produce an eviction, the person to whose benefit the covenant in the deed enures, is not bound to wait until the incumbrance has been foreclosed, and he has been evicted thereunder; but he is at liberty to discharge the incumbrance, and when he has done so, the substantial right of action against the covenantor accrues to him for the money so expended, the same not being unreasonable, though it may be in excess of the consideration of the deed. *Walker* v. *Deaver*, 5 Mo. App. 139, 148. And, although the incumbrance must have existed at the time of the execution and delivery of the deed in order to give such a right of action, yet the right of action itself does not accrue until the loss has actually fallen upon the covenantee, or upon the person to whose benefit the covenant enures. *Walker* v. *Deaver*, *supra*.

The case has a remote analogy to the right of action which accrues in certain cases of tort. A man may put in motion a chain of causes which, in time, may or may not produce an injury to another. The wrong is done when he first puts the chain of causes in motion; but the mere wrong would not support a substantial recovery, if no damage had flowed from it. It would be a case of *injuria sine damno*. Thus, a man may have a right to get minerals from the land under my house; he may mine for that purpose and leave the land without sufficient support. Twenty years thereafter my house may sink down into the pit. My right of action for the damages thus caused accrued, not when he made the excavation, but when the damages happened to me. *Backhouse* v. *Bonomi*, 9 H. L. Cas. 503.

So, in the case before us, there is a covenant of indemnity

against loss in consequence of an existing incumbrance which may never entail any loss upon the covenantee or his successors in the title. The existence of the incumbrance may be entirely unknown to the covenantee until more than ten years have elapsed from the execution and delivery of the deed. This might well happen, in a case where the grantor represents himself as an unmarried man, and yet has a wife living in another country. He might survive the execution of the deed for twenty years, and after his death she might appear upon the scene for the first time, and assert her right of dower in the premises. For an illustration of this, see *Walker* v. *Deaver* (*supra*). It would thus appear that the idea that, because such a covenant is a covenant *in præsenti* which is technically broken at the very date when it is made, so as to support an action for nominal damages, the statute of limitations must be held to commence running from the date of the deed, is an idea too refined for practical justice.

Upon the whole, we see no error in this record, and the judgment is accordingly affirmed. All the judges concur.