ROSANNA M. OGDEN *vs.* SARAH W. BALL and Husband.

January 29, 1889.

**Covenant for Quiet Enjoyment—Breach.**—In order to constitute a breach of the covenant for quiet enjoyment in a deed, it is not necessary that there be an actual ouster and dispossession of the covenantee, under process.

**Same—Constructive Eviction.**—Neither is it necessary that there be judgment of ouster in a suit against him by the holder of the paramount title. It will be sufficient to constitute a constructive eviction if the latter assert his right, and demands the possession, and that the covenantee yields under the pressure of such demand.

**Same—Purchase of Outstanding Title by Covenantee.**—So, also, if the title is so asserted that he must submit to the terms of the demandant or leave, he will not be obliged to await the determination of a lawsuit, but he may purchase the owner's title if he will sell, and this will be considered a sufficient eviction to constitute a breach of the covenant.

**Same—Surrender without Suit—Risk Assumed.**—If, however, he yields without suit prosecuted to judgment, he does so at his peril, and the burden will be on him, in a suit against his covenantor, to establish the validity of the title to which he has yielded.

**Same—Effect of Occupying Claimants' Act.**—The application of these principles is not affected by the provisions of the occupying claimant act, allowing the party in possession to purchase the title, or recover the value of improvements, under certain conditions.

**Same—Estoppel—Delay in Bringing Suit.**—Where the title of the owner appears of record, and he does nothing to influence the conduct of an adverse claimant, his delay in bringing suit works no estoppel against him.

**Same — Effect of Judgment for Breach of Covenant of Seisin.** — The covenant of seisin is *in præsenti,* and that for quiet enjoyment is prospective. The recovery of a judgment for nominal damages for the breach of the covenant of seisin, before an eviction of the grantee in a deed which contains both covenants, who has gone into possession thereunder, is not a bar to a subsequent action for damages for a breach of the covenant for quiet enjoyment, after he has suffered an eviction.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial after a trial by *Lochren,* J., a jury being waived.

*Ankeny & Merrill,* for appellants.

*Smith & Reed,* for respondent.

VANDERBURGH, J. It is satisfactorily established by the record that on the 20th day of April, 1882, the plaintiff purchased of the defendants the village lot in controversy, and received their deed therefor, executed in due form, and in consideration thereof paid them the sum of $700. This deed contained the usual covenants of seisin, and for quiet enjoyment and peaceable possession. The plaintiff thereupon entered into possession, and in good faith made permanent improvements upon the premises of the value of $4,000. Thereafter, and while so in possession, she was notified by the heirs of one Ezekiel Tripp that they claimed to be the owners of the lot, and on or about July 1, 1885, they demanded the possession thereof, which being refused, they commenced an action against her to recover the same in August following. The plaintiff thereupon duly notified the defendants of the pendency of the suit, and requested them to defend the same, and make her title good, which they refused to do. Subsequently, and while the suit by the Tripp heirs against plaintiff was pending, another action between them and other parties, involving the same questions, was determined in their favor, in which the validity of the deed under which they claim title was affirmed, (which deed included this and other lots;) and it is found by the trial court in this action, upon competent and sufficient evidence, that the title acquired by them thereunder is paramount to that of plaintiff, under the deed to her from the defendants herein, and that they were in fact the lawful owners and entitled to the possession of the prem-

ises when demanded by them. The lot, it is admitted, was then worth, apart from the improvements, the sum of $2,000 at least. The plaintiff had no defence to the action of the Tripp heirs against her, as respects their title to the land, and they were threatening to enter judgment and to evict her from the premises. She thereupon effected a compromise with them, and, in order to prevent them from proceeding further in their suit, paid them the sum of $1,200, in consideration for their deed of the premises, which they duly executed, whereby she acquired a good title thereto. Upon these facts the court determined that the plaintiff was entitled to judgment in this action for the amount of the consideration money, ($700,) and interest, paid by her to the defendants.

1. By the covenant for quiet enjoyment the defendants undertook to protect the plaintiff's possession, not only as against themselves and those in privity with them, but also against the actual and hostile assertion of his right thereto by a lawful claimant, or the owner of the paramount title. "An assurance against disturbance consequent upon a defective title." We think the court was right in holding the covenant broken in this case. The contention of the defendants is, however, that, in order to establish a breach of this covenant, there must have been an actual ouster, or at least a judgment of ouster in favor of the hostile claimant, under the pressure of which the possession is yielded. All agree that the mere fact of the existence of an outstanding superior title in a third person is not enough, and will not constitute a constructive eviction, or a disturbance of the possession of the covenantee. There must also be a hostile assertion of such title by the holder. But if the covenantee, on receiving his deed, is not able to obtain possession because kept out by the holder of the paramount title, the adverse possession of the latter is equivalent to an eviction, and a breach of the covenant for quiet enjoyment, and a recovery under it may be had without any other act on the part of the covenantee or occupant. *Shattuck* v. *Lamb*, 65 N. Y. 499, 509; *Scriver* v. *Smith*, 100 N. Y. 471, 477, (3 N. E. Rep. 675;) *Fritz* v. *Pusey*, 31 Minn. 368, (18 N. W. Rep. 94;) Rawle, Cov. (4th Ed.) 154. It could not be necessary that the covenantee in such case commit a trespass, or that he make an entry for the pur-

pose of being evicted by process of law, or to make a formal surrender to a superior title.. *Noonan* v. *Lee*, 2 Black, 499, 507. In such cases, neither suit nor entry would be necessary. So, by parity of reasoning, where he has taken possession, it is not necessary that he be turned out under legal process. It is enough that he surrender the possession to the true owner, under the assertion of his superior title. *Scott* v. *Kirkendall*, 88 Ill. 465. It is not necessary that such title be established by judgment. It will be sufficient if the owner asserts his title, and demands and insists upon the possession. If he is entitled to it, it will be the duty of the covenantee to surrender it to him. This is the doctrine more generally recognized in the courts. *Hamilton* v. *Cutts*, 4 Mass. 349, (3 Am. Dec. 222;) *Donnell* v. *Thompson*, 10· Me. 170, 177, (25 Am. Dec. 216;) *Stone* v. *Hooker*, 9 Cow. 154; *Greenvault* v. *Davis*, 4 Hill, 643, 646; *Fowler* v. *Poling*, 6 Barb. 165, and cases; *Moore* v. *Vail*, 17 Ill. 185, 190; *McGary* v. *Hastings*, 39 Cal. 360, 366; *Mitchell* v. *Warner*, 5 Conn. 498, 522; *Kellog* v. *Platt*, 33 N. J. Law, 328, and cases; *Smith* v. *Shepard*, 15 Pick. 147, (25 Am. Dec. 432;) 2 Devl. Deeds, § 928.

If the demandant will sell, and the covenantee is willing to buy his title, there need be no actual dispossession. If the title is so asserted that he must submit or leave, he may purchase, and this will be considered a sufficient eviction to constitute a breach. 2 Wait, Act. & Def. 383. It is not necessary that he go through the formality of an ouster, and a re-entry under a purchase from the owner. *Loomis* v. *Bedel*, 11 N. H. 74. He must act in good faith with his covenantor, and make resistance, until it is apparent that resistance ceases to be a duty. If he yields without a suit prosecuted to judgment, he does so at his peril, and the burden will then be on him, in a suit between him and his covenantor, to show that he yielded to the pressure of the paramount title, which he will be required to establish with the same degree of particularity and certainty which would have been required of the holder thereof, in a suit against him to recover the *locus in quo*. *Hamilton* v. *Cutts, supra*. It is otherwise, however, in case of an eviction by force of a judgment, after due notice to the covenantor to defend; for in such case the judgment itself will be plenary evidence of the validity of the title of the demandant.

2. The occupying-claimant act does not in any way change the rule or affect its application. That is a matter resting entirely between the claimant and the occupant of the land. If the paramount title of the former is established, it must, in any event, result in an actual eviction or a sale to the occupant. And it is none the less a constructive eviction that he may purchase the land, or an actual eviction that he may obtain payment for his improvements of the claimant under the provisions of the act referred to. And whether the purchase of either is the result of a compromise and settlement, or of a lawsuit, is a matter that does not concern the covenantor, who, if the claimant prevails, is liable in damages to the covenantee to the extent of the consideration money, with interest, if the latter is obliged to pay so much; and the question of his damages, and the validity of the title of the claimant, may be litigated in the suit against the covenantor, as was done in the court below in this case.

3. The finding of the trial court that the Tripp heirs held the paramount title is fully sustained by the evidence. The statute of limitations had not run against the assertion of it. The law secures to the occupant the benefit of the improvements, but further than that there is no basis for the claim that they are estopped in consequence of their delay by anything appearing of record as to the state of the title, or the circumstances or nature of the adverse possession. Their title appeared of record, and did not depend upon any misleading facts, outside the record, susceptible of being made the foundation of a claim of estoppel by conduct.

4. Upon the trial the defendants offered to prove in bar of this suit a former recovery for nominal damages by the plaintiff against them in an action for the breach of the covenant of seisin in defendants' deed, which action it appeared was brought before the purchase by the plaintiff of the outstanding title above referred to. We think the evidence was properly rejected. The recovery upon the covenant of seisin was for a technical breach, and for nominal damages only, on the ground that the plaintiff had as yet sustained no actual damages. She had acquired an actual seisin, and was still in the enjoyment of the property, and had not been evicted or disturbed in her possession, and had not bought in the outstanding title. *Ogden* v. *Ball*, 38 Minn.

237, (36 N. W. Rep. 344.) The covenants of seisin, of good right to convey, and against incumbrances, are *in præsenti*, and are broken, if at all, immediately; and an action thereupon lies for such damages as the covenantee may show himself lawfully entitled to at the trial, not exceeding the consideration of the deed and interest, or the cost of satisfying or removing the incumbrance. The covenants of warranty and for quiet enjoyment (the damages for the breach of which are essentially the same) are prospective in their operation, and are not broken until an eviction, actual or constructive. It is apparent that these covenants are to some extent cumulative, and the rules of damages consequently run into each other. 1 Sedg. Dam. *152. And so, where there has been an eviction, though an action would also lie upon the covenants which run with the land, yet, since full damages would be recoverable in an action brought for the breach of the covenant of seisin, another action therefor could not subsequently be maintained upon the covenants of warranty and for quiet enjoyment. The same damages could not be embraced and recovered in both actions. The opposite rule must, of course, prevail where, when the action is brought upon the first-named covenants, there has been no breach of the last named. So that while a judgment for nominal damages may be a bar to another action upon the *same* covenants,—as, for example, seisin or against incumbrances,—it is not a bar to a subsequent action upon other independent covenants embraced in the same deed. *Donnell* v. *Thompson*, 10 Me. 170, 176, (25 Am. Dec. 216.) These several covenants are broken at different times, and it is obvious that what may be a discharge of one is not necessarily a discharge of another and distinct covenant. *Reed* v. *Pierce*, 36 Me. 455, 460, (58 Am. Dec. 761.) The court may also properly distinguish between what operates by way of bar to a future recovery and what by way of estoppel. *Outram* v. *Morewood*, 3 East, 346, 357. As plaintiff had not been evicted when she brought her former action, there had been no injury to or interference with her right of possession. The eviction and consequent damages were not in issue, were not litigated, and could not be in that action. The recovery in that suit was no bar to this action.

Order affirmed.