## LEET, Appellant, v. GRATZ, respondent.

**St. Louis Court of Appeals, April 16, 1907.**

1. **COVENANTS: Covenant of Seizin and Covenant of Warranty: Res Adjudicata.** The covenant of indefeasible seizin is a covenant *in praesenti*, broken if at all when made, and in some jurisdictions still is not assignable, does not run with the land and only one recovery can be had upon such a covenant, so that even a recovery for nominal damages would be a bar to a subsequent action on the same covenant after substantial damages has accrued; but a covenant of warranty and for quiet enjoyment is a covenant *in futuro* and eviction actual or constructive is necessary before a right of action accrues thereon.

2. ——— ———: ———. In this State, however, the covenant of indefeasible seizin, implied in the statutory words "grant, bargain and sell," is more than a mere covenant *in praesenti*, it is a continuing covenant of indemnity, running with the land, so that while an action for the technical breach occurs, if at all, when the covenant is made, a right of acton for substantial damages accrues thereon when the covenantee is evicted or extinguishes the paramount title; so far as the accrual of right of action for substantial damages on such a covenant is concerned, it is the same as a covenant of warranty and for quiet enjoyment.

3. ———: ———: ———: **Splitting Causes of Action.** Since in this State the covenant of indefeasible seizin is a continuing covenant and an action may be brought thereon for substantial damages only after the same accrues, a covenantee can recover in separate causes of action for different breaches of the same covenant, and this would not be splitting causes of action. A grantee of land with statutory covenants was sued and judgment recovered against him in ejectment by several parties holding a paramount title, as tenants in common, some of the plaintiffs being minors, the covenantee purchased the paramount title from the adult heirs and recovered judgment against his covenantor for the amount expended in so doing; this was not a bar to a subsequent action against the same covenantor on the same covenant for the damage caused by the subsequent purchase from the minor owners of their interest in the paramount title on their becoming of age.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

REVERSED AND REMANDED.

*Geo. L. Edwards* for appellant.

(1)  There is no splitting of cause of action. The judgment in the prior case of Leet v. Gratz is no bar to a recovery in this action. Leet v. Gratz, 92 Mo. App. 432; Priest v. Deaver, 22 Mo. App. 282; Menges v. Piano Company, 96 Mo. App. 611; Taylor v. Heitz, 87 Mo. 665; 2 Black on Judgments, sec. 734; 1 Sutherland on Damages, 228. (2)  The measure of plaintiff's damages is the sum paid to procure the interests of Ed and Catherine Gannon, together with his reasonable expenses and attorney's fee. Hazlett v. Woodruff, 150 Mo. 534; Coleman v. Clark, 80 Mo. App. 339; Long v. Weller, 84 Mo. App. 104.

*W. H.* and *Davis Biggs* for respondent.

(a)  The plaintiff is estopped to maintain the present action by reason of his acceptance of the amount of the judgment rendered against defendant in the former suit of Leet v. Gratz, 92 Mo. App. 422. An entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and the same form of action brought for each or two suits maintained thereon without defendant's consent. This is the law touching the splitting of demands. Morrison v. Donato, 76 Mo. App. 643; Wheeler v. Tracey, 141 Mo. 252; Hill v. Chowning, 93 Mo. App. 620. (b)  A judgment as to a part of an entire demand is a bar to an action on the balance. Laine v. Francis, 15 Mo. App. 107. (c)  The distinction between entire demands and those which are several is that the former arise out of one and the same act, and the latter out of different acts. Grocer Co. v.

Taggart, 60 Mo. App. 389. (d) When the judgment in the ejectment suit was entered and become final, the right of Leet to sue on both the covenants of seizin and warranty was complete. Rawle on Covenants, p. 149; Dickson v. Desire, 23 Mo. 161; Lawles v. Collier, 19 Mo. 483.

STATEMENT.—This is an action of covenant. We copy from the record the finding of facts and conclusions of law pronounced thereon by the trial court, from which a thorough understanding of the case in hand may be had.

"On the third day of October, 1890, the defendant, in consideration of the sum of eight hundred and twenty-five dollars (825) to him paid, conveyed, by general warranty deed, to Alice A. Harris, the real estate described in plaintiff's petition. By said deed, the defendant covenanted with the said Alice A. Harris, her heirs and assigns, that he was seized of an indefeasible estate in fee simple in the premises by said deed conveyed and convenanted to warrant and defend the title of the said premises unto said Alice A. Harris, her assigns and heirs forever, against the lawful claims and demands of all persons whomever; and the said Alice A. Harris, by her deed, dated on the 13th day of February, 1891, did grant, bargain and sell and convey the said premises to the plaintiff.

"The devisees of one Michael J. Gannon, Sr., on the 22nd day of August, 1899, commenced suit in ejectment against the plaintiff in the circuit court of St. Louis county, Missouri, returnable to the September term thereof, 1899, said cause being entitled Ed. Gannon et al., v. F. W. Leet, to recover the possession of said premises and damages, and thereupon, on the 30th day of August, 1899, the plaintiff duly notified said defendant in writing of the commencement of said suit and demanded and required the said defendant to warrant and defend the title by him conveyed; that said defendant

failed and neglected to defend said suit and the plaintiff defended same, and the court adjudged upon the trial thereof that the said defendant, at the date of his deed to · the said Alice A. Harris, was not seized of an indefeasible estate in fee simple in said land and that the said devisees of Michael J. Gannon, Sr., plaintiff in said ejectment suit, had title in fee simple thereto and were entitled to possession thereof, and in said ejectment suit a judgment was rendered against the plaintiff for the possession of all of said premises and for one cent damages for unlawfully withholding the same from the plaintiffs in said action of ejectment and devisees of said Michael J. Gannon, Sr.

"Thereafter and on the 31st day of August, 1900, to prevent being dispossessed and ejected from the said premises under and by virtue of said judgment, and from being deprived of the possession thereof, plaintiff purchased all the right, title and interest of Lillie Gannon, Grace Allen, formerly Grace Gannon, John Allen, her husband, Eugenia Peterson, formerly Eugenia Gannon, and Gustav Peterson, her husband, in and to said premises, they being part of the plaintiffs in said action of ejectment, and devisees of said Michael J. Gannon, Sr. For their interest in said property, plaintiff paid to them the sum of two hundred and twenty dollars ($220) and thereupon they conveyed to plaintiff, by proper deeds of conveyance, all their right, title and interest in and to said premises.

"Thereafter and on the 21st day of December, 1900, plaintiff commenced action in the circuit court of St. Louis county, Missouri, returnable to the January term thereof, 1901, against the defendant Anderson Gratz, being an action for the breach of said covenants of seizin and warranty, to recover from him, as damages therefor, the said sum of two hundred and twenty dollars ($220), paid the said plaintiff in said ejectment suit for their interests in said premises and for the.expenses and at-

torneys' fees paid by plaintiff in defending said action of ejectment. In the petition of said cause, it is alleged that the defendant, Anderson Gratz, at the date of the execution and delivery of his said deed to Alice A. Harris, was not seized of an indefeasible estate in fee simple in said premises in said deed described, but that on the contrary at said time, the devisees of said Michael J. Gannon, Sr., were seized in fee of said premises and that the said devisees of said Michael J. Gannon, Sr., on the 22nd day of August, 1899 commenced a suit in ejectment against this plaintiff in the circuit court of St. Louis county, Missouri, to the September term thereof, 1899, said cause being entitled Ed Gannon et al. v. Frank W. Leet, and that on the 30th day of August, 1899, this plaintiff duly notified said defendant in writing of the commencement of said suit and demanded and required said defendant to warrant and defend the title by him conveyed and that said defendant failed and neglected to defend said suit and this plaintiff did make defense thereto and that the court adjudged upon the trial thereof that the said defendant at the date of his deed to the said Alice A. Harris had no title to said land and that the said devisees of Michael J. Gannon, Sr., and plaintiffs in said action of ejectment, had title in fee simple thereto and that in said ejectment suit, judgment was rendered against plaintiff for the possession of all said lands and for one cent damages for unlawfully withholding the same from the devisees of said Michael J. Gannon, Sr.

"In due course the defendant, Anderson Gratz, was duly summoned to answer to the petition of the plaintiff in said action so commenced by him as aforesaid, and in due time filed in said court his answer thereto, whereby he denied all the matters and facts in said petition stated. Upon the trial of said issues so joined before the circuit court of St. Louis county, Missouri, the matters and facts in said petition alleged were by the court

Leet v. Gratz.

adjudged to be true as in said petition of plaintiff in said action alleged, and it was adjudged by said court, upon trial of said action, that the said plaintiffs in the said action of ejectment were the owners in fee simple of the said premises in plaintiff's petition described, and that the defendant had not an indefeasible estate in fee simple in the same at the date of his deed to the said Alice A. Harris; that this plaintiff had duly notified, in writing, the said defendant of the commencement of said action in ejectment as stated and demanded and required him to defend the same, and that the defendant neglected to defend the same and that this plaintiff did defend said action of ejectment. It was further adjudged in said action that said defendant, by reason of the premises last aforesaid was estopped and precluded from denying that the title of the plaintiffs in said action of ejectment was the superior and paramount title to said premises, but was held and conclusively bound by all the matters and facts adjudged in said action of ejectment.

"From said judgment so rendered, the said defendant prosecuted an appeal to the St. Louis Court of Appeals, where after a full hearing of all the matters and facts in said action involved, the judgment of the circuit court of the county of St. Louis, in said action was in all things affirmed.

"Subsequent to the commencement of said action against the defendant, and subsequent to the final judgment therein and its affirmance by the St. Louis Court of Appeals, plaintiff purchased from Ed Gannon and Catherine Gannon, other plaintiffs in said action of ejectment, all their right, title and interests in the said premises in plaintiff's petition described; that is to say, from Ed Gannon an undivided one-sixth (1-6) interest in said premises and from Catherine Gannon an undivided one-tenth (1-10) interest therein, and paid to them therefor the sum of one hundred and sixty dollars

($160), that is to say, to Ed Gannon one hundred dollars ($100) and to Catherine Gannon sixty dollars ($60) which price the court finds to be a reasonable price for their interests; and thereupon they conveyed to plaintiff all their right, title and interest as aforesaid in and to said premises by proper deeds of conveyance.

"Subsequent to all said proceedings in the said prior case of Leet v. Gratz, and in acquiring the interest of the said Ed Gannon and Catherine Gannon as aforesaid in said property, and in perfecting his title thereto, the plaintiff was compelled to expend and did expend for various necessary expenses and reasonable attorney's fees in corresponding and negotiating with said Ed and Catherine Gannon, and in preparing and procuring deeds from them to plaintiff, the sum of one hundred and sixty-four dollars ($164) and which said expenses and attorney's fee the court finds to be reasonable.

"And the court further finds that this cause of action is upon the same covenants of seizin and warranty and for the same breaches of said covenants as said former action in favor of the plaintiff against the defendant, commenced on the 21st day of December, 1900, in which said plaintiff recovered judgment for damages as aforesaid; that said damages so recovered were all the damages that plaintiff had sustained by the said breaches of covenants at the time of said judgment for damages; and that the above-mentioned expenses of $160 and $164 were additional damages sustained by plaintiff by reason of the same breaches of covenants, after the time of sand judgment for damages and after the said affirmance of the same by the St. Louis Court of Appeals.

"Upon the foregoing facts, the court further finds, as matter and conclusion of law, as follows:

"(1)   It is conclusively adjudged and determined in and by said former suit on said covenants, that said covenants had been broken by defendant, and that the

Leet v. Gratz.

plaintiff was entitled to recover his damages sustained by reason of the breaches thereof.

"(2) Plaintiff was entitled to maintain but one suit for damages upon said breaches of covenants and ought not to be permitted, upon purchases from time to time of the interests of the several plaintiffs who recover in said ejectment suit, to institute and maintain separate suits for damages for the same breaches of said covenants. Since he elected to purchase the titles of plaintiffs so recovering, to prevent eviction by legal process, he should have completed all such purchases which he desired to make, before suing for the damages incurred thereby.

"(3) And therefore, the said recovery of damages in said former suit is a bar to plaintiff's recovery in this suit; and the finding and judgment herein should be for the defendant."

NORTONI, J. (after stating the facts.)—As appears from the finding of facts made by the learned trial judge, which we have deemed proper to incorporate as a true and accurate statement of the case, the action is on the covenant of indefeasible seizin implied in the statutory words "grant, bargain and sell" (sec. 907, R. S. 1899) and on an express covenant of warranty of usual import in the deed, and for the breach of both of said covenants, which breach is an eviction, operated by the purchase of the interests of several devisees in the paramount title, after its paramountcy was established by judgment in ejectment against the plaintiff grantee. The case at bar is a suit on the same and identical covenants involved in a former action between the identical parties, wherein a recovery for substantial damages was had and the judgment therein affirmed, as will more fully appear by reference to the case of Leet v. Gratz, 92 Mo. App. 422. In the former case, after judgment in

ejectment had been entered against Leet and the paramount title thus asserted and established in the Gannon devisees, Mr. Leet proceeded to and did extinguish by purchase, and acquired to himself, the title of three of the Gannon devisees who were then adult. There remained outstanding, however, after this purchase, the title of several of the minor devisees of said Gannon for the reasons shown and set forth in the report of the former adjudication. The former recovery was allowed and sustained for the amount paid the adult Gannon devisees for their interests in the title. Since that recovery was had, plaintiff has purchased the interests in the title of certain of the devisees who were minors when the former case was determined and now in this second action on the same covenants, seeks to recover for the amount of his expenditure in that behalf.

The defense interposed and sustained in the circuit court was that the present action is barred by the former recovery; or in other words, the learned counsel for defendant asserts that the plaintiff has split his cause of action and the rule with respect to such matters is invoked to preclude a recovery in the case now in judgment. The proposition thus presented is the only question on which the opinion of the court will be given.

The argument advanced upon behalf of the defendant is predicated upon the proposition that there was but one breach of the covenants and therefore but one recovery is permissible. We are inclined to the opinion that the proposition asserted as a predicate is unsound in principle under the adjudicated law of this State with respect to such covenants. In order to set forth the reasons which have impelled us to this conclusion, it will be necessary to notice the rule in Missouri, established by our courts and in part, the rule elsewhere, on the two covenants involved, and point out such distinctions as we have observed in this most intricate and technical branch of the law. We will examine the two covenants,

that of the indefeasible seizin, implied in the words quoted, and that of express warranty, to some extent separately, that of seizin first and that of warranty second, and the rules which obtain with respect thereto here and elsewhere.

Now the covenant of indefeasible seizin goes to and operates as an assurance of indefeasible title in the grantor and, generally speaking, like a covenant of good right to convey, and the covenant against incumbrances is regarded and treated as being a covenant *in praesenti* and therefore broken, if at all, when made. This proceeds in full accord with the rules of logic, for it must be true that if a grantor covenant with the grantee that he has an indefeasible estate when in fact he has no estate or the estate is defeasible, then this covenant is technically breached upon the delivery of the deed, and the same is true with respect to the covenants of good right to convey and against incumbrances, for in each instance it must follow if the grantor have no right to convey or the estate conveyed be then subject to incumbrances outstanding, such covenants are breached when made; that is, upon the delivery of the deed. These covenants are therefore said to be *in praesenti* and ordinarily the rights and liabilities flowing therefrom are measured and ascertained in accordance with the principles of law pertinent to such fundamental notion. For instance, the right of action for the breach of such covenants therefore accrues on the covenant instanter and it is said that the covenant thereupon becomes merged in a mere right of action and in some jurisdictions, this right after the covenant is extinguished by the merger, is not assignable. It must therefore be asserted or otherwise slumber and die in the hands of the covenantee. [See Rawle on Covenants (5 Ed.), sec. 208; Ogden v. Ball, 40 Minn. 94-99; Dickson v. Desire, 23 Mo. 151; 8 Amer. and Eng. Ency. Law, (2 Ed.), 90, 91, 141, 151; Leroy v. Beard, 8 How. (U. S.) 451; Mosely v. Hunter, 15 Mo. 322.] This

doctrine does not prevail, however, in this State, as will presently be adverted to and more particularly pointed out. Nevertheless, by essential analogy on principle, and as a sequence to the doctrine referred to in those jurisdictions where it obtains in the full measure of its applications, it has been determined upon the theory that a covenant of seizin being in the present tense and broken when made, that but one action can be sustained upon such single breach and that in event of action being brought upon it while the possession is still undisturbed and a recovery had thereon, such recovery of even nominal damages can be successfully pleaded in bar to a subsequent action on the same covenant, if substantial damages have afterwards accrued. [Rawle on Covenants (5 Ed.), sec. 178; Ogden. v. Ball, 40 Minn. 94-99; Donnel v. Thompson, 10 Me. 170; 8 Amer. and Eng. Ency. Law (2 Ed.), 170.] It is upon the doctrine of one breach and one recovery referred to, defendant asserts the former recovery mentioned as a complete bar here. Now, if the doctrine above stated were the law in this State, it is quite clear that while the former recovery would operate as a complete bar to this second action on the covenant of seizin, it would not so operate against a recovery here upon the covenant of warranty expressed in the deed inasmuch as the covenant, like the covenant of quiet enjoyment, differs from that of seizin in that neither the covenant of warranty nor for quiet enjoyment goes to an indefeasible title in the grantor, but, on the contrary, only goes to the extent of assuring the grantee that he shall not be disturbed in his possession or deprived of a quiet enjoyment of the premises. Covenants of warranty and for quiet enjoyment are therefore, instead of being *in praesenti* and broken when made, prospective in their nature, are covenants *in futuro,* a breach of which consists in an effectual disturbance of the grantee's possession of the premises; or in other words eviction, either actual or constructive. It is said the reason

for the rule that there must be an eviction before there can be a recovery upon the covenant of warranty and for quiet enjoyment, has its foundation in the reason that the covenantee who has obtained possession should not be permitted to recover for a breach of such covenants for a mere failure or defect of title, so long as he is permitted to remain undisturbed in possession of the premises. He may in fact never be disturbed or evicted therefrom, and thus may never suffer damages as his possession under such circumstances would, in due time, in fact ripen into title by his adverse holding, or, on the other hand, his grantor, in keeping with his covenant, may see fit to, and perfect the title for the grantee. [8 Amer. and Eng. Ency. Law (2 Ed.), 92, 98, 99; Rawle on Covenants, secs. 112-114; Shelton v. Pease, 10 Mo. 473-482; Ogden v. Ball, 40 Minn. 94-99; Pense v. Gabbert, 63 Mo. App. 302; Barlow v. Delaney, 40 Fed. 97; Blondeau v. Sheridan, 81 Mo. 545; Norton v. Jackson, 5 Calif. 262; Scriver v. Smith, 100 N. Y. 471; Morgan v. Henderson, 2 Wash. Ter. 367.]

As indicated above, the rule respecting the implied covenant of seizin; that it is a covenant *in preasenti* and broken, if at all, when made; and the essential consequences of its strict application to the effect that there is but one breach for which but one recovery is permitted, does not obtain in Missouri. On the contrary, it has been settled with us from an early period in the judicial history of the State that the covenant of indefeasible seizin implied in the statutory words "grant, bargain, and sell" is more than a covenant *in praesenti;* it is in fact when either some title, although defeasible, or possession of the premises accompanies the deed, a continuing covenant of indemnity having capacity to run with the land, annexed and incident to the indefeasible estate, if it be such (Dickson v. Desire, 23 Mo. 151), or if it be defeasible and some title is conveyed, then to the defeasible estate (Chambers v. Smith, 23 Mo. 170), or if pos-

session be given under the deed and no title, then as incident to such possession (Dickson v. Desire, supra), and so on to successive grantees until the paramount title is asserted and results in damage to the actual possessor. The right of the action on the covenant having been thus continued and passed to the subsequent grantee, the actual possessor, it inures to such subsequent grantee upon whom the loss finally falls. [See Dickson v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174; Walker v. Deaver, 79 Mo. 664; Magwire v. Riggin, 44 Mo. 512; White v. Stevens, 13 Mo. App. 240; Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142.] It may not be out of place to say here that so much of the doctrine of the earlier cases which required the grantee to have possession conferred upon him under the deed, when the title attempted to be conveyed is defeasible, in order that the covenant may continue and run with the land, seems to have been modified in Allen v. Kennedy, supra, in view of the fact that under our law, choses in action may now be assigned, and our statute on conveyances (R. S. 1899, sec. 905), authorizing any person claiming title to real estate, though there may be an adverse possession, to convey his interest as if he were in actual possession. At any rate a recovery in that case was authorized on the covenant by a subsequent grantee of a defeasible estate of which the grantee had never been in possession under the deed. This is unimportant here, however, for the the possession of the premises in the present case accompanied the deed to the plaintiff.

The two cases of Dickson v. Desire and Chambers v. Smith, supra, were argued, considered and determined at the same term of our Supreme Court in 1856, as appears from the opinions which were prepared in each case by the very learned and accurate Judge LEONARD, the one Dickson v. Desire, announced and established the doctrine that the implied covenant of seizin is more than a covenant in praesenti; that it is a continuing covenant

of indemnity running with the land, inuring to the subsequent grantees upon whom the loss should fall. The second case, Chambers v. Smith, applied and extended the principle of the former case to the effect, and announced the doctrine, that the right of action accruing from the breach of the covenant shall be considered to have arisen on the accrual of substantial rather than on the accrual of nominal damages, operating from the technical breach of the covenant when made. The rule was deemed to be in accord with the plain principles of justice, inasmuch as it would operate a great hardship if the claim of the covenantee for damages was barred by the operation of the Statute of Limitations which otherwise would be set in motion by the breach of the covenant on the delivery of the deed, and thus a possible right of action for substantial recovery be barred before the covenantee had been evicted and placed in a position to avail himself of a substantial recovery for the breach. The doctrine there announced appeals to our judgment as commendable and just. At any rate, there is thereby established a proposition in the law of this State, as ascertained and certain, that the breach with which the courts deal in measuring the rights and liabilities and in applying the Statute of Limitations in actions on this covenant, is the substantial breach which occurs on eviction, either actual or constructive, as contra-distinguished from the technical breach accruing on the delivery of the deed and for which nominal damages only are recoverable as a matter of course, until possession had been disturbed. [Priest v. Deaver, 22 Mo. App. 276-283; 8 Amer. and Eng. Ency. Law (2 Ed.), 224.] The result of this doctrine and the analogy of the law lead to but one conclusion, and that is, under our law, the breach of the implied covenant of seizin and the breach of the express covenant of warranty and the right of the action therefor, accrue when the covenantee suffers eviction, either actual or constructive, which operates, of course, a sub-

stantial impairment of his rights. This being true, the
doctrine with respect to their breach and the accrual of
the cause of action for such breach at this point of con-
junction, is the same. [8 Amer. and Eng. Ency. Law
(2 Ed.), 224; Chambers v. Smith, 23 Mo. 174; Dickson
v. Desire, 23 Mo. 151-163; White v. Stevens, 13 Mo. App.
240; Priest v. Deaver, 22 Mo. App. 276-283; Walker v.
Deaver, 79 Mo. 664, 675, 676. See also Scott v. Twiss, 4
Neb. 133; Wood v. Dubuque, 28 Fed. 910.] That is, when
the breach relied upon is an outstanding paramount ti-
tle, the technical breach of the covenant of seizin, at the
delivery of the deed, is deferred to and operates from the
date of eviction, identically as does a breach of the ex-
press covenant of warranty. At this point the two cov-
enants seem to meet,—indeed it is true the covenant of
seizin is breached before that time; i. e., when made, for
which a nominal recovery may be had,—but for the pur-
pose of authorizing a substantial recovery and for the
purpose of initiating the operation of the Statute of Lim-
itations against the right of action arising by virtue of
the breach, it is deemed to have been breached by evic-
tion, either actual or constructive, only. In this respect
it of course operates an assurance of possession concur-
rently with the covenant of warranty and quiet enjoy-
ment, notwithstanding the covenant for indefeasible ti-
tle implied in the words quoted, which is broken when
made, for the reason, as said before, the grantee, if not
evicted, may remain in adverse possession even after
paramount title is discovered until his defeasible title is
rendered indefeasible by the running of the statute, or
his grantor may purchase the paramount title for his
benefit and thereby render the estate secure in his pos-
session without loss on account of the technical breach.
Now it appearing that the implied covenant of seizin,
like an express covenant of warranty, is breached only
for the purpose of a substantial recovery and so as to
initiate the Statute of Limitations against the right of

action on the breach by an eviction, and that each of those covenants is a continuing covenant (Walker v. Deaver, 79 Mo. 664, 675, 676) inuring for the purpose of indemnity to the grantee upon whom the loss entailed by the paramount title, shall fall, and it further appearing that Leet, the grantee, was evicted in construction of law when, after judgment in ejectment against him in favor of the Gannon devisees, he purchased the interests of the three adult devisees involved in the former suit (Leet v. Gratz, 92 Mo. App. 422) then such purchase, amounting by construction of law, to an effectual disturbance of his possession—an eviction—was, in fact, a breach of both the covenant of seizin and that of warranty. [8 Amer. and Eng. Ency. Law (2 Ed.), 112; Pence v. Gabbert, 63 Mo. App. 302; Leet v. Gratz, supra.] For this breach, an action at once accrued on the covenants and so the logical sequence is, and on sound principle it must result, that each succeeding purchase of the interest of the various devisees in the title, the paramountcy of which had been established in the ejectment suit, is a new and distinct breach on which a new and distict cause of action accrued. There is indeed a a well-established rule in the law of covenants to the effect that when the covenant is determined to be a continuing covenant, distinct, separate and successive breaches may occur, and, of course, each successive breach constitutes a new, distinct and separate cause for which as many successive actions may be had. [8 Amer. and Eng. Ency. Law (2 Ed.), 171; Priest v. Deaver, 22 Mo. App. 276, 282, 283; Beach v. Crane, 2 N. Y. 96; Menges v. Milton Piano Co., 96 Mo. App. 611; Phelps v. New Haven, etc., Co., 43 Conn. 453.] Indeed, the rule finds support in ample authority, asserting a commendable principle for practical application to the end that just results may be had in cases of the character now under consideration, where harsh and unconscionable entailments would proceed from the denial of its application.

If this be not true, then why have continuing covenants of indemnity inuring to the benefit of the one upon whom the loss shall fall unless it may be breached by successive losses in a sense that will afford a remedy for successive breaches to enforce the indemnity vouchsafed by the covenant. In Priest v. Deaver, supra, the doctrine was most justly applied by this court in an action on the express covenant of warranty which was breached by the outstanding incumbrances of an inchoate right of dower, which was afterwards reduced by a competent decree to an indemnity charge upon the estate in favor of the dowcress and payment enforced against the grantee in possession who was sustained in the prosecution of successive suits on the covenant against the grantor upon successively discharging the annual annuitant charges. The principle of that case is certainly in point here. Now, applying the principles deduced to the facts of the case at bar, we ascertain that by the plaintiff (Leet) purchasing the interests of the three adult devisees, prior to the former suit, a right of action then accrued to him for the breach operated by such purchase, against which cause of action the Statute of Limitations *eo instanter* commenced to operate. Now if he could have had but one recovery on the covenants, he would be required to withhold his suit on account of that purchase and consequent eviction until he had acquired the remaining interests or have been actually evicted by the remaining devisees entering into possession as tenants in common with him; and in event, from any cause, he was unable to purchase the outstanding interests, or those interests failed to bring about an actual eviction prior to the expiration of the period of the statute which would bar his recovery by limitations on the breach operated by the first purchase, he would then be compelled, in order to escape the operation of the limitation, to exhaust his remedy on the breach covenant by suing for the amount expended on the first breach or suffer that right to be-

Leet v. Gratz.

come barred while he was endeavoring to purchase the interests still outstanding or awaiting an actual eviction by the holders of those interests to the end that a right of substantial recovery might accrue to him therefor. Now the law is certainly reasonable and just. In its wisdom, seeking to alleviate the hardship entailed upon the grantee, threatened with eviction from the premises in and about which he has in good faith invested his means, it permits and authorizes the grantee to purchase the paramount title thus threatening his occupancy and declares such purchase by him under the circumstances mentioned, an eviction, operating a breach which will sustain an action over on the covenants, raises up the cause of action forthwith from such breach, and sets the Statute of Limitations in operation simultaneously therewith, looking to its ultimate bar, probably before he can acquire the right of reimbursement for threatened and imminent loss on account of the remaining interests which he was unable to purchase and which interests have so far failed to actually evict. The very inherent integrity of our system of jurisprudence and those ends of justice and perfection always sought to be attained by the common law, deny the pertinency of a doctrine which shall preclude relief under the circumstances stated, for it must be, the law having created, permitted and enforced the situation, would not deny a recovery here on the theory of a second action on the same breach when in fact it has declared the separate purchase to be separate breaches against each of which the Statute of Limitations is in operation respectively from its date. Therefore, on principle and by the entire analogy of law we give the opinion that each successive purchase, under the circumstances stated, operated a separate and successive breach of these continuing covenants of indemnity, for which separate causes of action arose, enforceable in successive suits. Of course all of the

breaches in existence at the institution of the suit must be included therein.

2.   Another thought as to the asserted splitting of demands.   True, it is a maxim of the common law that "no one ought to be twice vexed for one and the same cause," and it is indeed a matter of concern to the State, in the interest of the peace and repose of society, that the citizen should not be unnecessarily harassed by several suits for the same cause of action. The general rule is that if a party have a cause of action which he may litigate and conclude in one suit and he separates it and recovers a portion, this judgment concludes him as, to the whole, and he will be barred in attempting thereafter to enforce the remainder.  [Bank v. Tracy, 141 Mo. 252, 42 S. W. 946; Laine v. Francis, 15 Mo. App. 107.] The doctrine, however, applies only to the same cause of action, and concludes such rights only as were then before the court or capable of being presented and adjudicated between the parties.  Now, in the former suit, the plaintiff had been, by construction of law, evicted from the lands by the purchase of the interest in the paramount title held by certain devisees and his cause of action arose from that eviction which constituted the breach.   Since the judgment  in the former case therefor, he has been evicted a second time by the purchase of the interests in the title of other devisees and a new and distinct breach or cause of action accrued to him for such second eviction; so while both suits may in one sense have arisen primarily out of the same contract, that is, out of the same covenant, they are in no sense the same cause of action, for the cause of action is the several breaches occurring on the several evictions, nor were the rights here involved before the court in the former case, for the second eviction out of which arose the present cause of action, had not then taken place and it was therefore impossible to include it in the former recovery, and the former recovery in no sense could be

permitted to preclude the plaintiff's right subsequently acquired. [Priest v. Deaver, 22 Mo. App. 276-283; State of Wis. v. Torinus, 28 Minn. 175; Hearst v. Means, 2 Sneed. (Tenn.) 546; McKissick v. McKissick, 6 Humphrey (Tenn.) 75; 2 Black on Judgments (2 Ed.), sec. 734; Jones v. City of Petoluma, 36 Calif. 230.]

For the reason stated, the judgment will be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.