## LEET, Respondent, v. GRATZ, Appellant.

### St. Louis Court of Appeals, March 23, 1909.

1. **COVENANTS: Covenants of Seizin and Warranty: Res Judicata.** In an action on a covenant, the statement of the case and a determination of the questions as to whether the plaintiff split his cause of action in bringing separate suits for successive breaches of the covenant, and whether the covenantor was bound by a judgment against the covenantee in a suit of which he had notice were all determined on a former appeal; and in another case between the same parties. [Leet v. Gratz, 124 Mo. App. 394, and Leet v. Gratz, 92 Mo. App. 422.]

2. ————: **Res Judicata: Notice to Covenantor to Defend.** In an action on a covenant of seizin wherein the plaintiff alleged eviction by ejectment and notice to the defendant to defend the ejectment suit, which the latter did not do, on which averments the defendant joined issue, a judgment in the action was *res judicata* as to the giving of notice and the failure of the covenantor to make a defense, so that, in a subsequent action between the same parties, evidence was not admissible to show an arrangement for making the defense which was not made through the fault of the covenantee.

3. ————: **Damages: Attorney's Fee: Successive Cases.** Where a covenant of seizin was breached by the existence of title in a number of devisees some of which were adult and some minors, and the covenantees sued and recovered damages on the covenant for attorney's fee paid in defendant an action in ejectment by the adult devisees, this did not bar an action on the covenant for expense and legal services in protecting the covenantee against eviction by the minor devisees.

Appeal from St. Louis City Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*W. H.* and *Davis Biggs* for appellant.

(1)   The plaintiff is estopped to maintain the present action by reason of his acceptance of the amount of the judgment rendered against defendant in the former

suit of Leet v. Gratz, 92 Mo. App. 422; An entire claim or demand arising out of a single transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims, and the same form of action brought for each or two suits maintained thereon without the defendant's consent. This is the law touching the splitting of demands. Morrison v. Donato, 76 Mo. App. 643; Wheeler v. Tracey, 141 Mo. 252; Hill v. Chowning, 93 Mo. App. 620. (2) The court erred in excluding all evidence of defendant's special defense set up in his answer and in failing to give instruction "D" offered by the defendant and based upon said defense, on the ground that the matter was adjudicated in the prior case of Leet v. Gratz. Where the second action, although between the same parties, is a different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein. Trust Co. v. Nathan, 122 Mo. App. 327; Dickey v. Heim, 48 Mo. App. 114; Barkhoefer v. Barkhoefer, supra; Rogers v. Higgins, 57 Ill. 244; Durkin v. Holcomb, 26 Ind. 378; Everling v. Holcomb, 74 Iowa 722; Straup v. Pepper, 69 Kas. 241; Scully v. Lowenstein, 56 Miss. 652; Slater v. Skirving, 51 Neb. 108; People v. Johnson, 37 Barb. (N. Y.) 502; Railroad v. Reid, 4 Ohio N. P. 127; Wentworth v. Racine Co., 99 Wis. 26; Fidelity Trust Co. v. Louisville, 174 U. S; Dennison v. U. S., 168 U. S. 241; Cromwell v. Sac. Co., 94 U. S. 351.

*Geo. L. Edwards* for respondent.

GOODE, J.—This is another appeal in a case wherein an opinion of this court was pronounced heretofore. [Leet v. Gratz, 124 Mo. App. 394.] The findings of fact by the trial court at the first trial were copied as a just statement of the case in the report of our former

decision, and sufficiently state the facts as they appear
in the present record.   We refer to said statement in-
stead of reciting again the facts in full, but will repeat
such as are needed to elucidate the principles on which
we determine the points now raised for decision.   This
plaintiff Leet lost title to a five sixths interest in a tract
of land in St. Louis county at the end of an ejectment
suit instituted against him by the devisees of a remain-
der over under the will of Michael J. Gannon.   To avoid
being evicted under the judgment, he bought the inter-
ests of the three adult devisees and attempted to buy the
interests of two others who were minors, but on account
of irregularities in the proceeding to acquire the titles
of the latter, failed to do so.   Later he brought suit
against defendant Gratz, his grantor, on covenants in
the deed, to recover the money he paid for the title of the
successful parties in the ejectment action and the expen-
se to which he had been put in that litigation.   He re-
covered judgment for what he had paid to get the inter-
ests of the adult devisees, but failed in his first action
to recover what he had paid for the interests of the mi-
nors because he had failed to acquire those interests.
The decision in the first action by Leet will be found in
the 92 Missouri Appeals Reports at page 422.   By a later
purchase Leet procured the paramount titles of the two
minor devisees and then instituted the present action to
recover from Gratz on the latters covenants, the ex-
penses incident to the purchase.   The first trial of the
present case resulted in a judgment for Gratz, given
on the ground that Leet had split his cause of action, and
the judgment in the first action for reimbursement was
a bar to the present one.   This court took the opposite
view and held Leet's right to sue for what he was out in
buying the interests of the adults was a distinct cause
of action from his right to recover what was paid for
the titles of the minor devisees.   Our opinion said, *inter
alia,* "Each successive purchase, under the circumstances
stated, operated a separate and successive breach of these

continuing covenants of indemnity, for which separate causes of action arose, inforcible in successive suits." [Leet v. Gratz, 124 Mo. App. 411.] When the cause was remanded for a second trial, with this point ruled in favor of the plaintiff, two other defenses were attempted: firstly, to show the title of the Gannon heirs to which Leet had yielded was not paramount to his own, and hence he was not entitled to what he had paid for said title to prevent eviction, inasmuch as his own was superior. As far as regards the validity of the title of the Gannon devisees, the Supreme Court first held it was the paramount and superior title and afterwards held it was not. [Gannon v. Pank, 183 Mo. 281; Id. 200 Mo. 75; Gannon v. Albright, 81 S. W. 1162.] These decisions cut no figure in the present case. Leet defended the ejectment action in the circuit court but submitted to the judgment of that court, and to avoid an eviction under it, bought in the outstanding title which had been adjudged the paramount one. This was determined in the first suit brought by Leet for reimbursement, where it was also determined, as appears both by the report of the opinion given in said case and the findings of the court and the evidence in the present case, that when Leet was sued in ejectment he notified Gratz of the pendency of the action and called on him to defend it, but he did not do so. Hence it was held Gratz was bound by the judgment in ejectment, and when sued on his covenants, could not go behind said judgment and try the question of title on its merits. We adhere to that ruling for the reasons and upon the authorities given in our opinion (92 Mo. App. supra).

The other defense attempted in the present action was to prove an agreement was made by Leet, Gratz and other parties, when the Gannon devisees first sued, pursuant to which an attorney was employed to represent the defendants and covenantors who were interested in the several ejectment actions brought by said devisees; that the cases, if lost in the trial courts, were to

be appealed to the Supreme Court and said attorney was employed and paid six hundred dollars to represent the parties interested in the defense, including Leet and Gratz, in both the trial and the Supreme Court; that after this arrangement had been made Gratz supposed it would be carried out and gave no attention to the defense of the case against Leet, but the latter withdrew from the agreement, employed a different attorney and did not carry the case by appeal to the Supreme Court, but submitted to the judgment of the circuit court. Evidence in support of this defense was objected to by the plaintiff and excluded by the court on the ground the matter had been adjudicated in Leet's first suit on the covenants (92 Mo. App. supra). Counsel for defendant say this ruling is erroneous because we determined on the prior appeal of the present case that this is a different cause of action from the one involved in said first case of Leet v. Gratz and, therefore, the judgment in said case is not a bar to the defense attempted in this one. They invoke in support of the proposition the doctrine of Dickey v. Heim, 48 Mo. App. 114, that where a second action, though between the same parties, is on a different cause of action, the judgment in the first one is not conclusive of all matters which might have been litigated, but only of such points and questions as were actually put in issue and adjudicated. Both parties agree this is the law, but disagree regarding its application to the present case; plaintiff insisting the very defense now brought forward was determined in the first action; whereas defendant says it was not asserted before. In Leet's first action on the covenants he alleged he gave notice to defendant of the ejectment case and demanded that defendant defend the title, which the latter failed and neglected to do; wherefore Leet himself defended it, but the court decided the Gannon title was paramount. Defendant filed an answer denying all the averments of the petition, thus joining issue on the averments of notice to defendant and demand on him

to defend the title.  The matters and facts stated in the petition were adjudged to be true as alleged and said judgment was afterwards affirmed by this court.  Thus it appears a direct issue was made in the first case of Leet v. Gratz as to whether Leet notified Gratz of the pendency of the ejectment suit and demanded of him to defend it and Gratz failed and neglected to do so, whereupon Leet defended it himself.  The defense to the present case is that Leet, Gratz and other persons interested in the title, employed an attorney to defend the several ejectment actions through the Supreme Court if necessary; that Gratz agreed to pay one-half or one-third of the expenses of the defense and give no further attention to the ejectment action, supposing the agreement would be carried out; whereas it was prevented from being carried out in the case against Leet by the latter's own conduct.  The judgment in the first case was an adjudication that Gratz failed and neglected to make defense and was tantamount to an adjudication that he did not arrange for one to be made as is now asserted.

It was right to allow plaintiff the fee he paid an attorney for services rendered and necessary in order to procure the interest of the minors, provided said fee was not exorbitant.  The position of defendant is that as in the first case Leet recovered for an attorney's fee paid in defense of the ejectment action of the adult devisees, this precludes a further recovery.  If additional expense for legal services was necessarily incurred to protect plaintiff from an eviction by the minor devisees he is entitled to be repaid.  [2 Sutherland, Damages (3 Ed.), sec. 617 and citations in note 1, page 1770.]

The judgment is affirmed.  All concur.